In the Matter of the Estate of THEODORE I. EDEL-MAN, Deceased.

HELEN L. EDELMAN, Executrix of the Estate of Theodore I. Edelman, Deceased,

*Appellant,*

vs.

RUTH NELSON EDELMAN, Guardian of the person and estate of Mark Nelson Edelman, a minor,

*Respondent.*

(No. 2478; February 27th, 1951; 228 Pac. (2) 408)

32

For the appellant the cause was submitted upon the

34

brief of R. G. Diefenderfer of Sheridan, Wyoming.

For the respondent the cause was submitted upon the brief of Volney J. Tidball, Jr., of Sheridan, Wyoming.

36

## OPINION

RINER, Justice.

This case presents the question as to what should be a proper award of exempt property to the minor child of Theodore I. Edelman, deceased, from the latter's estate under the facts submitted and the law controlling the matter. The district court of Sheridan County made an award to this child which the executrix of the estate asserts by these appeal proceedings to be erroneous.

The circumstances involved are not in dispute and are in substance as follows: The deceased aforesaid died on April 14, 1946, leaving a will which undertook to dispose of his entire estate appraised at $19,800, and consisting only of cash in the sum of $12,500, and an

undivided one-half interest in a drugstore business known as The Edelman Drug Store located in the City of Sheridan, Wyoming, including the right to and trade mark of a certain product designated "Trim." Edelman was survived by his widow, Helen L. Edelman, sole legatee in his will and she is also the executrix thereof. There were no children born of the marriage of Theodore and Helen.

However, Theodore had been previously married to Ruth, from whom he was divorced April 22, 1940. Of that marriage one child was born, Mark Nelson Edelman, whose birthday was August 25, 1939. This child and the surviving widow, Helen, are the only persons to be considered in connection with the disposition of the estate aforesaid. Edelman's will, as already indicated, pretermitted the child, Mark. Ruth Nelson Edelman, his mother, was in due course appointed guardian of the person and estate of her son.

On October 30, 1946, as such guardian she filed what was designated as an "Amended Petition for Homestead" in the district court aforesaid concerning the estate of the deceased Theodore I. Edelman. This petition may be summarized thus: After stating her official position as guardian of the child, Mark, and that she is his mother, it stated that her ward is the son and only child of deceased aforesaid, born to her and her then husband; that the father died testate on the date above set forth, a resident of Sheridan, leaving an estate now in the course of probate in the court aforesaid; that by his will the deceased left all his estate to the surviving wife, Helen, as above mentioned, ignoring his minor child, Mark; that Edelman married Helen after the divorce had been granted and they had no children.

That notice to creditors has been published and an inventory and appraisement of said estate has been returned and filed, same being referred to and both made

a part of the amended petition by reference. Para-graph 7 of the petition alleges that the deceased "left no dwelling house as a part of his estate, but said estate consists wholly off personalty and an undivided one-half interest in certain business property." That by virtue of § 88-2904 W.R.S. 1931 as amended by Ch. 8 L. of Wyo. 1943 (§ 6-1504 W.C.S. 1945) the minor child of deceased is entitled to and claims one-half the ex-emptions of deceased including homestead in the sum of $1875.00; that there is other property in said estate sufficient to pay administration expenses, the expense of last sickness and funeral expenses of deceased; that the sum above named is exempt from payment of the debts of deceased, or of his estate.

The prayer of the petition was that one-half the amount of the exemptions, including homestead, al-lowed by law to-wit: $1875.00 be set over from the deceased's estate to petitioner as guardian aforesaid of the child, Mark, the sole child of deceased and for such further relief as to the court may seem just and equitable.

To this amended petition the executrix filed a de-murrer stating that the provision of law under which relief by the petition aforesaid is sought, to-wit: that portion of Section 1, Ch. 8 L. of Wyo. 1943, commencing with the word "Provided" and ending the proviso with the concluding word "minor" as set forth herein sub-sequently in section 6-1504 W.C.S. 1945, is void because (a) it is in conflict with the other provisions of section 88-2904 W.R.S. 1931 which said section 1, Ch. 8 L. of Wyo. 1943 "purports to amend" and said section 88-2904 as thus amended is thereby "rendered duplicitous" and (b) it is void because it is "discriminatory, unfair and unreasonable in its terms."

That as so amended section 88-2904 W.R.S. 1931 (identical with section 6-1504 W.C.S. 1945) is uncon-

stitutional and void for the reason "(a)" that though "it is a law of general nature" it does not have a uniform operation in regard to the allowance of homestead and other exempt rights to all children of a decedent alike, as required by section 34 of Article 1 of the Wyoming Constitution. "(b)" that by reason of the inequality displayed by said section as amended it violates the provisions of sections 2 and 3 of Article 1, Constitution of Wyoming; "(c)" That said section as amended violates the provisions of section 27 of Article 3 of the Wyoming Constitution in that it is a special law which grants to the child of a decedent by a former marriage a special privilege and affects the estates of deceased persons.

That the said amended section is void under section 1 of the 14th Amendment to the Constitution of the United States in that it denies the equal protection of the laws to persons within the jurisdiction of Wyoming, who are children of a decedent by a marriage existing at the time of his death by not granting to them the equal right as that which is allowed "by said amendment" to children of a former marriage to have exempt property mentioned in said section set over to them directly; and that said amended petition does not state facts sufficient to authorize the granting of the relief prayed for therein. The sections of the Wyoming Constitution relied upon by this demurrer of the executrix are respectively: Sections 34 of Art. 1 which reads: "All laws of a general nature shall have a uniform operation": Sections 2 and 3 of Article 1 provide respectively:

"§ 2. In their inherent right to life, liberty and the pursuit of happiness, all members of the human race are equal."

"§ 3. Since equality in the enjoyment of natural and civil rights is only made sure through political equality, the laws of this state affecting the political rights and

privileges of its citizens shall be without distinction of race, color, sex or any circumstances or condition whatsoever other than individual incompetency, or unworthiness duly ascertained by a court of competent jurisdiction."

Section 27 of Article 3 so far as pertinent reads:
"§ 27. The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * affecting estates of deceased persons, minors, or others under legal disabilities; * * *"

The district court by order overruled this demurrer and the executrix refusing to plead further the court rendered judgment against the demurrant. That judgment including the preliminary recital thereof reads:
"Whereupon, the executrix of said estate refused to plead further in the matter and elected to stand upon her demurrer in its entirety, therefore:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that one-half the amount of exemptions, including homestead, allowed by the provisions of the Wyoming Revised Statutes of 1931, as amended, to-wit: the sum of One Thousand Eight Hundred Seventy-five Dollars ($1875.00) be set over from the estate of Thedore I. Edelman, deceased, to Ruth Nelson Edelman as guardian of the person and estate of Mark Nelson Edelman, a minor and the sole child of said deceased, who is the person entitled thereto."

This appeal was taken from that judgment, assigning as error that the "Order and Judgment" is "contrary to law."

The text of the several Wyoming statutes here to be considered is as follows: § 6-1504 W.C.S. 1945 reads:
"§ 6-1504. When any resident of this state dies leaving a widower or widow, or minor children, the court shall set over to such widower or widow, if any, and if none, to such minor children, as their absolute property, all property of said decedent exempt from execution under the exemption laws of this State, including the homestead, and such property, shall not be subject to the payment of debts of said decedent, except expenses of

administration, or the last sickness of said decedent, and funeral expenses, in cases where there is not other property in said estate sufficient to pay said expenses; and *in case decedent shall not have any or all of the property specified under said exemption laws, such widower, widow or minor children, as the case may be, shall be entitled to the value of such exempt property either in money or other property as they may prefer. Provided that, if such surviving spouse is not the parent of all or any of such minor children, one-half of said property shall be set over to such surviving spouse and the other one-half to said minors who are not children of said survivor and a guardian shall be appointed for them as in any other cases of estate property descending to a minor.* The right of a widower or widow to any of the property specified in this section shall in no case be affected by his or her renouncing or failing to renounce the benefit of the provisions made for him or her in the will of said decedent." (Italics supplied.)

The material part of section 6-1505 W.C.S. 1945 enacts that:

"§ 6-1505. At any time during the course of administration of an estate and after the publication of notice to creditors and the return of the inventory, the husband, widow, or *minor children, or any other person interested,* may file a petition showing the necessary facts and praying to have the exempt property of said estate, including the homestead, set over to the person or persons entitled thereto. Upon the filing of such petition, the court or judge thereof shall, by order, require all persons interested to appear on a day certain, to show cause why such exempt property should not be set over to the person or persons entitled thereto. Said order shall be published for three (3) successive weeks in a newspaper of general circulation in the county. At the time set for such hearing, or to which such hearing is continued, the court or judge thereof, after hearing the evidence, shall make such order as the facts and law require." (Italics supplied.)

The "exemption laws of this state including the homestead" mentioned in section 6-1504 supra are:
"§ 3-4504. The homestead mentioned in this article

may consist of a house and lot or lots, in any town or city, or if a farm consisting of any number of acres, so that the value does not exceed twenty-five hundred dollars ($2500.00)."

Sections 3-4505 and 3-4506, indicate that the homestead not exceeding $2,500.00 shall be exempt from execution and also deal with other matters not material here.

Section 3-4507 reads:

"§ 3-4507. The necessary wearing apparel of every person not exceeding in value the sum of one hundred and fifty dollars ($150.00), to be determined in the same manner as provided in the next section, shall be exempt from levy or sale upon execution, writ of attachment, or any process issuing out of any court in this state."

Section 3-4508 which declares so far as here material, that the following property "shall be exempt from levy or sale upon execution, writ of attachment or any process issuing out of any court in this State":

"* * * 1. The family Bible, pictures and school books;
2. A lot in any cemetery or burial ground;
3. Furniture, bedding, provisions and such other household articles of any kind or character as the debtor may select, not to exceed in all the value of five hundred dollars ($500.00) * * *"

Section 3-4510 as far as here pertinent provides that: "§ 3-4510. The tools, team and implements, or stock in trade of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business, not exceeding in value three hundred dollars ($300.00), the library, instruments and implements of any professional man, not exceeding in value three hundred dollars ($300.00), shall be exempt from levy or sale upon execution, writ or attachment or any process out of court in this state."

In order to determine correctly several of appellant's

contentions it is necessary to inquire as to what is the effect of demurrant's action in standing upon the demurrer filed to the guardian's petition as above set forth and then refusing to plead further.

49 C. J. 463 § 575 states:

"Final judgment may be rendered on overruling a demurrer if demurrant fails or refuses to plead over," (citing many cases).

41 Am. Jur. 468 § 250 in its last sentence also says that:

"* * * When, however, the party demurring fails or refuses to plead over, final judgment is properly entered in favor of the one whose pleading is upheld."

In Whiting v. The Mayor etc. of the City of New York, 37 N.Y. 600, the New York Court of Appeals said:

"Where a pleading is sustained, the demurrer being overruled, and leave is given to answer the pleading, the demurrant is put to his election to answer over or submit to judgment; and if he submit to judgment, the judgment is final. If he appeal therefrom to this court, such appeal comes here on the question of affirmance or reversal only; and no leave to the demurrant to answer or plead anew can be given. The judgment here is absolutely final."

On the same point Cowan v. Donaldson, 95 Tenn. 322, 32 S.W. 457 reads:

"The demurrer being overruled, and defendant having interposed no answer, nor asked for further time to make defense, it was not error to render judgment final. Ross v. Meek, 93 Tenn. 666, 28 S.W. 20. The decree of the court of chancery appeals and of the court below is affirmed."

The Supreme Court of Nevada in Brooks v. DeWar, 60 Nev. 219, 106 Pac. (2d) 755 ruled that:

"Having elected to stand on his demurrer, every relevant and material fact alleged in the complaint must be accepted as true. As we are of the opinion that the

complaint states facts sufficient to constitute a cause of action, that the trial court had jurisdiction of the person of the defendant and of the subject matter of the action, and that there is no defect of parties defendant, the judgment appealed from must be affirmed."

In Breen v. Great Western Acc. Ins. Co., 190 Ia. 1172, 179 N.W. 931, the opinion supplies the following very pertinent discussion on the point:

"After the ruling on the demurrer, the defendant elected to stand upon it. This was an affirmative waiver of its right to plead over. It amounted to saying that, if the demurrer was not good, there was no defense. What could the trial court do? Could the defendant, by electing to stand upon its demurrer after an adverse ruling thereon, stop the proceedings and forbid the plaintiff to proceed with his case? The defendant has a right to supersede the judgment until its demurrer is heard on appeal. If the demurrer were sustained on appeal, that would of course, reverse the ruling below, and of itself would set aside the judgment. In such event we should have no occasion to consider this ground of reversal. In view of our affirmance of the ruling below, we affirm the right of the plaintiff to judgment; and this would be so whether judgment had been entered below or not. The plaintiff, therefore, has nothing more than he is entitled to in any event."

See also Weil v. Conn. Fire Ins. Co. 79 Ind. App. 421, 138 N.E. 696.

This court, too, in Boulter et al v. Cook 32 Wyo 461, 234 Pac. 1101, 236 Pac. 245, said:

"The party wishing to amend or plead over when a demurrer is overruled must make a motion or offer to that effect, in default of which he cannot object to final judgment going against him. 31 Cyc. 357. This would be particularly true under our statute, section 5706 W.C.S. 1920, which provides that in such case the party who demurred may answer or reply, 'if the court is satisfied that he has a meritorious claim or defense, and did not demur for delay?' "

It is urged that the petition in the matter at bar is

insufficient to furnish the basis for any of the relief sought. We are unable to see that this is so. Bancroft's Prob. Prac. 2d (1950) page 341 section 692 says in general terms that:

"* * * The practice, in most jurisdictions, follows no particular form. The right of a person entitled (to claim exempt property) under the statutes is highly favored and may be claimed in almost any manner and at almost any time. * * *"

However as to the procedure in Wyoming the same text points out (note 12, p. 340 § 691) that:

"* * * at any time during administration and after publication of notice to creditors and return of inventory, the husband, widow, or minor children, or any other person interested, may file a petition showing the necessary facts and praying that the exempt property including the homestead, be set over, the court issues a general show cause order which is published, and at the hearing the court makes such order as the facts and law require."

And section 6-1505 supra is cited. Speaking of the procedure under sections 6879 and 6880 W.C.S. 1920 (similar to sections 6-1504 and 6-1505 W.C.S. 1945, other than the proviso inserted by the 1943 amendment supra,) this court said in Kiesel v. Henecker, et al, 35 Wyo. 300, 249 Pac. 81:

"Sections 6879 and 6880 W.C.S. 1920, provide for the procedure under which a homestead and other property may be set aside to a widow of a decedent. A petition asking therefor must be filed, a notice must be given to all interested parties and a hearing must be had. The statute, accordingly, necessarily contemplates that the parties notified are entitled to be heard and to resist the claim made in the petition."

It is asserted that paragraph 7 of the petition above quoted is "meaningless." With this we cannot agree. When the statements in that paragraph are read in connection with the inventory and appraisement, made a

part of the petition by reference, and of which the trial court could take judicial notice, it appears that the estate had no specific property such as is mentioned in the exemption statutes supra. That the inventory is correct we have no doubt. There is no contention here that it is not. Further, it will be presumed that the appellant executrix obeyed the law of this state (section 6-1306 W.C.S. 1945) reading:

"6-1306. The inventory must be signed by the appraisers, and the executor or administrator must take and subscribe an oath before an officer authorized to administer oaths, that the inventory contains a true statement of all the estate of the decedent, which has come to his knowledge and possession, and particularly of all money belonging to the decedents, and of all just claims of the decedent against the affiant. The oath must be endorsed upon or annexed to the inventory."

Bancroft's Pro. Pract. (2d) pages 333-4, section 688 (1950) says:

"And under some laws, if the estate has no property specified in the exemption statutes, the person entitled, or the court, may select other property in lieu thereof, or cash, up to the amount allowed by law as exempt." and section 6-1504 W.C.S. 1945 is cited.

The suggestion is made that the trial court should have heard evidence in this matter. We do not see why, in view of the situation disclosed by this record and the authorities indicating the consequences of refusing to plead further after the demurrer of the executrix was overruled.

It is contended, however, that the trial court was mistaken in awarding one-half of a $600.00 exemption under section 3-4510 W.C.S. 1945 supra, as it is urged that only one-half of a $300.00 exemption under that statute or $150.00 can be allowed. We are inclined to think that this contention must be sustained and that the amount awarded should be modified to show an

allowance of $1725.00 and not $1875.00 as was adjudged by the trial court. In Jenkins v. McNall 27 Kansas 532, it was held that if a person has two or more separate pursuits the exempted articles must belong to his main or principal pursuit or business and the court remarked arguendo:

"A person cannot, by multiplying his employments, claim cumulatively several exemptions, created by the statute for several distinct employments. Thus, one person cannot claim the exemption of his library and office furniture as a professional man, and at the same time have exempted to him tools and implements for the purpose of carrying on his trade or business as a mechanic or miner."

In this view of the matter all the judges concurred including Judge Brewer, subsequently of the Supreme Court of the United States.

It is claimed that the court should have set over to the widow, Helen, her share of the exemption property. But under the will so far as appears here she will receive that, though nothing would prevent her from requesting her one-half share of the exempt property. Then it is also urged that because the statute (6-1504 supra) in the first part thereof directs that all the exempt property should be set over to the widow or widower, while the proviso subsequently inserted by the amendment of 1943, which we have recited above, conflicts with this, the entire statute is void. 59 C.J. 608 is cited in support of this contention. But the proviso embodies the last expression of the legislative will and the text last above cited says also:

"General and special provisions in a statute should stand together, if possible but where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part the particular provisions must govern, unless the statute as a whole clearly shows the contrary intention and they must be given effect notwithstanding the gen-

eral provision is broad enough to include the subject to which the particular provisions relate. The particular provision should be regarded as an exception to the general provision so that both may be given effect." (59 C.J. 1000.)

These contentions are as we think untenable.

Finally, it is insisted, that the several sections of the Wyoming Constitution and Section 1 of the 14th Amendment of the United States require the law (section 6-1504) to be stricken down and hypothetical examples of its operations are suggested wherein the law if applied to them would be in conflict with these sections of the fundamental charter of this state. But appellant overlooks apparently the principle that:

"It is a firmly established principle of law that the constitutionality of a statute or ordinance may not be attacked by one whose rights are not, or are not about to be, adversely affected by the operation of the statute." (16 C.J.S. 157-160.)

This principle has been adopted and applied by this court repeatedly. For example in Salt Creek Transp. Co. v. Public Service Commission, 37 Wyo. 488, 263 Pac. 621 where this language was used:

"The law is well settled that it is not sufficient for a party to say that a statute is unconstitutional as to other persons or classes of persons. It must appear that it is unconstitutional as to the person attacking it. 12 C. J. 762, 763; Zancanelli v. Coal & Coke Co. 25 Wyo. 511, 173 Pac. 981."

see also State ex rel. Voiles v. High School 43 Wyo. 494, 5 Pac. (2d) 255; Cuthbertson v. Union Pacific Coal Co. 50 Wyo. 441, 62 Pac. (2d) 311; State v. McInerney 63 Wyo. 280, 182 Pac. (2d) 28.

It should not be overlooked as said in 16 C.J.S. 229 section 97 that:

"A court, however, will not anticipate prospective con-

ditions which may never arise, in order to declare a law unconstitutional; and a statute is not to be upset on hypothetical and unreal possibilities if it is valid according to the facts as they exist."

Our attention is directed by appellant to the case of State v. Peterson 27 Wyo. 185, 194 Pac. 342, wherein Mr. Justice Blydenburgh observed that:

"The law must be tested, not as to what has been or can be done under it, but by what the law authorizes to be done under its provisions. (12 C.J. 786.)"

But this rule last mentioned is not in conflict with that quoted from 16 C.J.S. 157-160 as above, and the wealth of case authority there cited as well as the Wyoming decisions we have above listed as ruling to the same effect. That rule it is apparent is applicable only where the complaining party could not have been affected by the statute whereas the principle mentioned in the Peterson case applies to those cases in which one by strictly complying with the statute could have been deprived of constitutional rights, although as a matter of fact he was not so deprived. See State ex Riley v. District Court of the Second Judicial District in and for Silver Bow County, 103 Montana, 576, 64 Pac. (2d) 115 and cases there cited.

In the case at bar it does not appear to be indicated wherein appellant would be or was injured by complying with the statute in question.

We may add that classifications when made by the law making body may well be tested by the rules announced by the Supreme Court of the United States in Lindsley v. Natural Carbonic Gas Co. 220 U.S. 61, 31 S.Ct. 337, 55 Law. Ed. 369, when the claim is made, as here, that the equal protection of the law is denied persons within the jurisdiction of this state by section 6-1504 supra. In the case last cited it was declared that: "The rules by which this contention must be tested, as

is shown by repeated decisions of this court, are these: 1. The equal-protection clause of the 14th Amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." (Citing many former decisions of the court.)

Under these rules and others which have been hereinbefore mentioned relative to the consideration by this court of questions of constitutional law we are not inclined to think that the trial court committed reversible error in overruling that portion of the demurrer filed by the executrix of the Edelman estate which is predicated upon alleged violations of constitutional rights so far as she is concerned.

Nothing has been said to convince us that the judgment of the district court was incorrect except as we have heretofore pointed out. That judgment will be accordingly modified by altering the amount thereof to be recovered from the estate of Theodore I. Edelman by the guardian of the minor, Mark Nelson Edelman, from $1875.00 to $1725.00. As so modified the judgment should be affirmed.

*Affirmed.*

KIMBALL, C. J. and BLUME, J., concur.