**In re Richard Joseph BECHTOLDT, doing business as Richard Bechtoldt, Debtor.**

**Sharon A. DUNIVENT, Trustee, Appellant,**

v.

**Richard Joseph BECHTOLDT, Appellee.**

**BAP No. WY–96–051.**

**Bankruptcy No. 96–21017.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

July 18, 1997.

James T. Dinneen, Lathrop and Rutledge, P.C., Cheyenne, WY, for Appellant.

Georg Jensen, Law Offices of Georg Jensen, Cheyenne, WY, for Appellee.

Before BOHANON, CORNISH and MATHESON, Bankruptcy Judges.

## OPINION

MATHESON, Bankruptcy Judge.

This Panel has before it for review the December 11, 1996, order of the United States Bankruptcy Court for the District of Wyoming denying the Chapter 13 Trustee's objection to Debtor's claim of exemption in painting equipment as tools of his trade. For the reasons set forth below, we conclude that the decision of the bankruptcy court should be affirmed.[1]

---

1. After examining the briefs and appellate record, this Panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed.

## JURISDICTION AND STANDARD OF REVIEW

■ A Bankruptcy Appellate Panel, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). As neither party has opted to have this appeal heard by the District Court for the District of Wyoming, they are deemed to have consented to jurisdiction. 10th Cir. BAP L.R. 8001–1(c).

■ The Bankruptcy Appellate Panel may affirm, modify or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous. Fed.R.Bankr.P. 8013; *see First Bank v. Reid (In re Reid),* 757 F.2d 230, 233–4 (10th Cir.1985). The clearly erroneous standard does not apply to the bankruptcy court's conclusions of law. Conclusions of law are reviewed *de novo. Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988).

## FACTS

The facts in this case are not in dispute and they were presented to the bankruptcy judge on that basis. The bankruptcy court heard the testimony of Richard Joseph Bechtoldt, the Debtor ("Debtor"), but only to clarify certain evidence. The Chapter 13 Trustee, Sharon Dunivent ("Trustee"), did not cross-examine the Debtor. The only evidence offered by the Trustee was the Debtor's own summary of his income derived from painting.

The Debtor, at the time of the filing of the petition, was employed on a full-time basis as a plumber. Prior to the filing, Debtor had been self employed as a painter which sustained him exclusively up until sometime· in 1996. Thereafter, Debtor continued painting on a part-time basis to supplement his income. When the Debtor filed his petition, he claimed as exempt his painting tools under Wyo.Stat.Ann. § 1–20–106(b) as tools of his

R.Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore ordered submitted without oral argument.

trade. He did not claim an exemption for any property related to his employment as a plumber.

The Trustee objected to Debtor's claim of exemption in the painting equipment because painting is not his primary occupation. The bankruptcy court denied the Trustee's objection, finding that the Debtor had claimed the exemption only with respect to the one occupation and did not attempt to split it between two occupations. Transcript 14:16–25. The written order elaborated that the Debtor had not claimed his plumbing tools as exempt and, therefore, there was no multiplication of exemptions. Accordingly, the bankruptcy court allowed the Debtor's claim of exemption.

## DISCUSSION

The issue before this Court is whether the bankruptcy court properly denied the Trustee's objection to Debtor's claim of exemption as tools of his trade for property which he used in his "secondary" occupation. Because Wyoming is an "opt out" state, the Wyoming exemptions apply, Wyo. Stat.Ann. § 1–20–109, and the burden fell upon the Trustee to prove that the exemption was not properly claimed. Fed.R.Bankr.P. 4003(c).

The applicable Wyoming exemption statute provides that:

> The tools, team, implements or stock in trade of any person, used and kept for the purpose of carrying on his trade or business, not exceeding in value two thousand dollars ($2,000.00), or the library, instruments and implements of any professional person, not exceeding in value two thousand dollars ($2,000.00), are exempt from levy or sale upon execution, writ of attachment or any process out of any court in this state.

Wyo.Stat.Ann. § 1–20–106(b). The Trustee cites two cases, Edelman v. Edelman (In re Edelman's Estate), 68 Wyo. 30, 228 P.2d 408 (1951), and an unpublished decision from the United States District Court for the District of Wyoming, In re Marchando, 94–CV–0093–B (Slip Opinion, November 2, 1995), as authority for her position.

When interpreting a statute, the language of the statute is first examined. Zeigler Eng'g Sales, Inc. v. Cozad (In re Cozad), 208 B.R. 495 (10th Cir.BAP 1997) (citing Dalton v. Internal Revenue Service, 77 F.3d 1297, 1299 (10th Cir.1996)). Language is given its common meaning if the unambiguous statutory language is not defined and the result is not absurd or contrary to the legislative purpose. Id. (citing Dalton, 77 F.3d at 1299). When interpreting exemption statutes, the interpretation must further the spirit of such laws. Specifically the court must be "guided by the general principle that exemption statutes are to be liberally construed so as to effect their beneficent purposes." Royal v. Pancratz (In re Pancratz), 175 B.R. 85, 93 (D.Wyo.1994) (citing Johnston v. Barney, 842 F.2d 1221, 1223 (10th Cir.1988); Geist v. Converse County Bank, 79 B.R. 939, 944 (D.Wyo.1987); Lingle State Bank of Lingle v. Podolak, 740 P.2d 392, 394 (Wyo.1987)).

The pertinent language of the tool of the trade exemption statute speaks to "tools ... used and kept for the purpose of carrying on his trade or business" not exceeding $2,000 in value, "or the library, instruments and implements of any professional person" not exceeding $2,000 in value. The Trustee argues that, based on the Edelman decision, the language must be interpreted to read "his primary trade or business."

The Edelman case is the only published Wyoming authority that has interpreted this provision, and it has since been relied on by the District Court of Wyoming, in the unpublished Marchando case, to hold that a debtor may not claim multiple exemptions from multiple occupations. "The exemption must relate to the person's principal occupation." In re Marchando, Slip Opinion at pg. 6 (citing Edelman, 228 P.2d at 414). A closer examination of the Edelman case is warranted.

In Edelman, the Wyoming Supreme Court was asked to resolve a dispute between a pretermitted heir and the sole legatee in a will. The legatee was the deceased's widow and the pretermitted heir was his child by a prior marriage. Under Wyoming law, the minor child of a decedent is entitled to assert an interest, in this case, a one-half interest,

in the exemptions of the decedent including his homestead. The court, following a demurrer by the widow, ruled in favor of the minor child and awarded him a half interest in the deceased's exemptions, with the other half going to the widow. In the course of that award, the lower court had awarded the minor child one half of the tools of trade exemption and one half of the exemption for the library, etc., afforded to a professional person. The statute, the predecessor to the current statute at issue here, permitted $300 to each. On appeal the widow challenged that finding asserting that the minor was entitled to only half of one or the other, but not both. The Wyoming Supreme Court was persuaded by her argument and allowed the minor only one half of $300.00 without allocating it to either provision. In so holding, the court, without elaborating, cited to a case from Kansas which has a similar exemption statute:

> In *Jenkins v. McNall*, 27 Kan. 532 [ (1882) ], it was held that if a person has two or more separate pursuits the exempted articles must belong to his main or principal pursuit or business and the court remarked arguendo: "A person cannot, by multiplying his employments, claim cumulatively several exemptions, created by the statute for several distinct employments. Thus, one person cannot claim the exemption of his library and office furniture as a professional man, and at the same time have exempted to him tools and implements for the purpose of carrying on his trade or business as a mechanic or miner."

*Edelman*, 228 P.2d at 414.

In *Edelman*, there was no discussion about the decedent's employment or to which por-

tion of the pertinent statute the exemption was allocated. The Wyoming court merely agreed that the minor was only entitled to half of one or the other and not both. Thus, language about primary employment within the quote from the *Jenkins* case, to the extent it can be ascribed to the Wyoming Supreme Court, is purely dicta.[2] The thrust of the quote and the holding of *Edelman* is that " 'a person cannot, by multiplying his employments, claim cumulatively several exemptions, created by the statute for several distinct employments.' " *Id.* (quoting *Jenkins* ).

The plain language of the statute compels the conclusion that a person can claim up to $2,000 for tools of "his trade or business" *or* up to $2,000 for the "library, instruments and implements of any professional person." The only limitation imposed by the statute is the $2,000 cap. One cannot claim two exemptions for up to $4,000, and that is what the *Edelman* and *Marchando* courts held.

In *Marchando*, the Debtor sought to claim what appears to have been the full amount of an exemption in her computer as a tool of her profession as a writer and at the same time claim her mountain bike as a tool of trade as a bike racer. The *Marchando* court held:

> A debtor may exempt a tool that she uses in her trade or profession

> *as long as the value of the tool does not exceed $2,000.* Wyo.Stat. § 1–20–106(b). Marchando claims that the bankruptcy court erred when it determined that her Bianchi mountain bike did not qualify for

---

**2.** The courts that have been called upon to apply the analogous Kansas exemption have invoked the "primary occupation" test but also in dicta. The factual scenario running through those cases is that of a farmer's wife who has claimed an exemption in farming equipment when the husband is primarily responsible for the farming. The wife is either employed part-time off the farm or not at all, although she assists in the farming operation in one way or another. Those courts have consistently found, based on a litany of farming activities in which she participated, that the wife's *primary* occupation was farming and permitted her to claim the exemption. In no instance, however, was the wife also seeking to exempt property related to her other employment

as a tool of her trade or business. *In re Zink*, 177 B.R. 713, 715 (Bankr.D.Kan.1995); *In re Meckfessel*, 67 B.R. 277 (Bankr.D.Kan.1986); *In re Oetinger*, 49 B.R. 41 (Bankr.D.Kan.1985). It is noteworthy that relatively recently in another case involving a farmer's wife and the same Kansas tool-of-trade exemption, the bankruptcy court in Kansas expressed doubt about the "primary occupation" test. "Whether such a test should be applied is problematic since the statute itself contains no language prohibiting outside employment or that indicates a person cannot qualify for exemptions when he or she holds more than one job." *In re Kobs*, 163 B.R. 368, 373(Bankr.D.Kan.1994)

this exemption. In Schedule I to her petition, Marchando listed her occupation as Temporary/Bike Racer/Writer. The Bankruptcy Court permitted Marchando to exempt her computer, presumably as a tool of the writing trade.

In Wyoming, a person cannot claim multiple exemptions resulting from multiple occupations. *In re Edelman's Estate,* [68 Wyo. 30,] 228 P.2d 408, 414 (Wyo.1951). The claimed exemption must relate to the person's principal occupation. *Id.* The Bankruptcy Court determined that Marchando's principal occupation was that of a writer, and allowed her to retain her computer. The Bankruptcy Court presumably determined that bike racing was not Marchando's primary occupation, and therefore held that her Bianchi mountain bike was not exempt. This finding is not clearly erroneous, and the Court is not left with a definite and firm conviction that the Bankruptcy Court made a mistake.

*Marchando,* Slip Opinion at pg. 5–6 (emphasis added). Clearly, the debtor there sought to multiply her exemptions by claiming multiple occupations and the court rejected that effort.

The Debtor in this case did not seek to multiply his exemptions. He sought to claim an exemption in his painting equipment valued at $1,150, an amount significantly less than the $2,000 cap set by Wyo.Stat.Ann. § 1–20–106(b). He did not also seek to exempt his plumbing tools for up to an additional $2,000, as it appears the debtor did in *Marchando.*

Accordingly, the Bankruptcy Court's decision is AFFIRMED.