## DAVID RASURE v. H. L. HART.

EXEMPTION; "*Household Goods.*" Where the household goods of a debtor, who is the head of a family, do not exceed in value $500, they are all exempt under the exemption-law from attachment; and it will make no difference that some of them may not be necessary for the personal use of the debtor or his family, or that they be kept merely for the use of paying guests, or boarders.

### *Error from Harvey District Court.*

RASURE appeals from an order of the district judge, at chambers, made 29th July 1875, refusing to discharge certain personal property seized in attachment at the suit of *Hart.* The facts are fully stated in the opinion.

*C. S. Bowman,* and *J. G. Waters,* for plaintiff in error, claimed that the statute exempts $500 worth of "household furniture," without regard to the kind, or the purpose for which it is used. Gen. Stat. 473, §3, subdiv. 4; 11 Allen, 582. The true construction of our exemption-law is, that the head of the family is entitled to hold as exempt, certain specific and enumerated articles of household goods, without regard to their value, and in addition thereto, other household furniture not exceeding in value five hundred dollars. In this case the household property sought to be discharged was of the value of $336.30 only, and therefore clearly within the amount exempted.

*Nichols & Greene,* for defendant in error, submitted, that the motion to discharge the attachment was a summary proceeding before a judge at chambers, and in all such cases the discretion of the trial judge is properly more extensive than in other proceedings, and his discretion is almost unlimited. All presumptions must be construed in favor of the decision of the court below; 11 Kas. 594; 15 Kas. 323. The evidence being affidavits only, the decision of the court below should have weight here, and where such evidence is conflict-

ing and contradictory, such decision should be sustained; 10 Kas. 250; 14 Kas. 487. The attachment as to the real property was discharged; but the evidence in the affidavits concerning the real property does not cut any figure in the argument concerning the non-discharge of the personal property. But plaintiff in error insists that because the house was exempt (as a homestead,) that it necessarily follows that all the furniture and household goods therein contained were also exempt. The claim is, that furniture and household goods, procured by the debtor, *not* for the use of himself and family, (for guests and boarders constitute no part of his family,) but procured solely for the use, comfort and accommodation of his guests and boarders, are exempt, because the debtor and his family live in the same house. He might upon the same theory be keeping a furniture store, and his residing in it would exempt from seizure his entire stock. This claim is a self-evident absurdity. Plaintiff in error fails to point out and affirmatively show that any part of the property attached is exempt, except it be upon the theory that his guests were his family, and for their comfort the property was required. The schedule of property set apart by the officer for the use of the debtor and his family, and the inventory of the property attached, reveal the fact that the officer recognized ample exemptions of household goods and furniture, giving him in every instance the full allowance for the use of himself, his wife, and child. This is the first time we have heard a debtor complain that the law of Kansas did not allow him enough, when by virtue of its great and unconscionable liberality he is permitted to be worth millions, all of which is secure from the ruthless hands of his greedy creditors, who have no rights that a debtor is bound to respect. To complain of a law, the liberality of which suggests that the members of the legislature which passed it were all insolvent, or expected to be, is unkind indeed. But what means the clause, "and all other household furniture not herein enumerated?" and what means the clause, "not exceeding in value five hundred dol-

lars?" The first of these clauses, we contend, is a general one, and under the rules of construction it is to be construed as applying to the particular things particularly mentioned in the particular clauses preceding the general clause; (Sedg. on Const. of Stat. 361.) The second applies unquestionably to all of the 4th subdiv. of said § 3, and limits the value of *all property* covered by said subdivision, enumerated and unenumerated. Surely it does not mean, that the debtor is entitled to all the enumerated articles, and $500 worth of household goods in addition, as argued by plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: The defendant in error brought this action in the court below against the plaintiff in error on a promissory note, and procured an order of attachment upon the sixth, seventh, and eighth statutory grounds, which order of attachment was levied on lot 10, in block 43, in the city of Newton, and also upon certain personal property. Afterward, the plaintiff in error moved to dissolve and discharge the attachment, first, because the facts stated in the ,affidavit upon which the attachment was issued were not true, and second, because all of said property was, under the law, exempt. Said motion was based upon the affidavit of the plaintiff in error, and the papers in the case. Other affidavits were also filed by both parties. The motion was heard by the judge below at chambers, and he, after taking the matter under advisement, discharged said attachment as to said real estate, and sustained it as to the personal property. The plaintiff in error now complains that the court below erred in refusing to discharge the attachment as to the personal property. And whether the court below did so err or not, is the only question now presented in the case.

The evidence upon which the motion was heard was all in writing, and we now have it all before us; and hence we have the same means of determining whether the motion should be sustained, or overruled, as the judge of the district court had, and we can therefore act as intelligently up-

on the question as he could. Of course we think the district court or the judge thereof should in all cases be allowed some discretion in sustaining or overruling a motion to dissolve or to discharge an attachment; and this court should not overrule an order of the district court or judge in such case, unless this court should feel clear that the district court or judge has erred upon some material question of law. Now whether the defendant below, plaintiff in error, was disposing or about to dispose of his property with the intention of defrauding his creditors, we are not clear, and therefore upon that point we should sustain the ruling of the judge below, refusing to dissolve the attachment. Indeed, we are inclined to think that the preponderance of the evidence sustains such ruling, and therefore clearly upon this point we should sustain such ruling.

But there is another question in the case. Was the property exempt from said attachment? This question depends upon the following facts: The defendant below was the head of a family, which consisted of himself, his wife, and one child. He with his family kept a hotel, or public boarding-house, at Newton, and all resided in said hotel. They had $432.15 worth of household goods, which they used in said hotel for their own accommodation and for the accommodation of their guests and boarders. This was more of such goods than they actually needed for their own accommodation, but not more than they needed in their business. Of this property $336.30 worth was attached in this action, and the remainder thereof, to-wit, $95.85 worth, was left with the defendant by the officer, as being exempt. The defendant did not own or have any other household goods, or household furniture. Our statute provides among other things, that—

"Every person residing in this state, and being the head of a family, shall have, exempt from seizure and sale upon any attachment, execution, or other process issued from any court in this state, the following articles of personal property: * * * *fourth,* all the wearing apparel of the debtor and his family; all beds, bedsteads, and bedding used by the debtor and his family; one cooking-stove and ap-

pendages, and all other cooking utensils, and all other stoves and appendages necessary for the use of the debtor and his family; one sewing-machine, all spinning wheels and looms, and all other implements of industry, and all other household furniture not herein enumerated, not exceeding in value five hundred dollars." (Gen. Stat. 473, § 3.)

The words, "all other implements of industry," evidently mean in this connection, all other household implements of industry, or all other implements of industry pertaining to the house, such as sewing-machines, spinning wheels, looms, etc. The words, "all other household furniture," explain themselves. The word "furniture" is a comprehensive term, embracing about everything with which a house or anything else is or can be furnished. In this connection it evidently means, everything with which the residence of the debtor is furnished. Now the defendant in this case had less than $500 worth of household goods of every kind and description. Therefore, they must all have been exempt under the statute. While we think that it is necessary that goods, in order to be exempt under subdivision 4 of section 3 of the exemption-law, must be so connected with the residence of the debtor that they may be denominated his household goods, yet we do not think that it is necessary that they should all be in actual and personal use all the time by members of the debtor's family, or that they be actually necessary for such use. See *Mannan v. Merritt,* 11 Allen, (Mass.) 582. They may be pictures hung upon the walls, or other furniture, or mere ornaments, or bedroom furniture for visitors only, or bedroom furniture, table-ware, etc., for paying guests, or boarders, etc. In this state a man must not give credit to another on account of any supposed security furnished by his debtor's household goods, unless these household goods should be immensely valuable, or unless the creditor takes some specific lien thereon, such as a mortgage, pledge, etc. It would seem that the goods attached in this case ought to be worth more than $336.30, but still that is just what the evidence showed they were worth. We think they were all exempt from said attachment, and therefore the order of the judge of the court

below refusing to discharge the attachment as to the personal property, must be reversed, and the cause remanded with the order that said goods be released from the attachment.

HORTON, C. J., concurring.