No. 19,270.

E. E. HARRISON and MARY J. HARRISON, *Appellants*, v. J. M. FOSTER and IRENE E. FOSTER, *Appellees*.

SYLLABUS BY THE COURT.

EXEMPTIONS — *Household Goods Owned by Wife — Exempt from Attachment for Debt of Husband and Wife.* A husband and wife reside in a hotel conducted and managed by the wife in her own name. They have one child and the wife has a child by a former husband, who resides with her. The household furniture used in the hotel belongs to the wife, and does not exceed in value the sum of five hundred dollars. In an action of debt against both husband and wife the household furniture was attached. Both defendants moved to discharge the attachment on the ground the property is exempt. *Held*, the property is exempt under section 3649 of the General Statutes of 1909, providing that every person residing in this state and being the head of a family shall have exempt from seizure and sale on any attachment specified household articles and all other household furniture not exceeding in value five hundred dollars.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed February 6, 1915. Affirmed.

*David Ritchie*, and *G. A. Spencer*, both of Salina, for the appellants.

*Norman E. Hill*, of Salina, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The question presented is whether or not certain household goods were exempt from attachment for the payment of a debt.

J. M. Foster and Irene Foster are husband and wife. They have one child, and Mrs. Foster has a child by a former husband, who lives with her. Mrs. Foster conducts and manages in her own name a hotel in Gypsum City, in which the family described resides. The household furniture in the hotel belongs to her, and does not exceed in value the sum of five hundred dollars.

The plaintiffs commenced an action for the recovery of money against both the Fosters, and caused the household furniture referred to to be attached.    Both defendants moved to discharge the attachment on the ground the property was exempt.    The court sustained the motion, and the plaintiffs appeal.    The argument is that J. M. Foster was the head of the family, that the property claimed as exempt did not belong to him, and consequently that the attachment should have been sustained.

The exemption act was passed in 1868, and is printed in the General Statutes of 1909 in the following form:

"§ 3649. PROPERTY EXEMPT OWNED BY HEAD OF FAMILY. § 4. Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property:

"*First.* The family Bible, school books, and family library.

"*Second.* Family pictures, and musical instruments used by the family.

"*Third,* A seat or pew in any church or place of public worship, and a lot in any burial-ground.

"*Fourth,* All the wearing apparel of the debtor and his family; all beds, bedsteads and bedding used by the debtor and his family; one cooking-stove and appendages, and all other cooking utensils and all other stoves and appendages necessary for the use of the debtor and his family; one sewing-machine, all spinning-wheels and looms and all other implements of industry, and all other household furniture not herein enumerated, not exceeding in value five hundred dollars.

"*Fifth,* Two cows, ten hogs, one yoke of oxen, and one horse or mule, or, in lieu of one yoke of oxen and one horse or mule, a span of horses or mules; twenty sheep, and the wool from the same, either in the raw material or manufactured into yarn or cloth.

"*Sixth,* The necessary food for the support of the stock mentioned in this section for one year, either provided or growing, or both, as the debtor may choose; also, one wagon, cart or dray, two plows, one drag, and other farming utensils, including harness and

tackle for teams, not exceeding in value three hundred dollars.

"*Seventh,* The grain, meat, vegetables, groceries, and other provisions on hand, necessary for the support of the debtor and his family for one year, and also all the fuel on hand necessary for their use for one year.

"*Eighth,* The necessary tools and implements of any mechanic, minor or other person, used and kept in stock for the purpose of carrying on his trade or business, and in addition thereto, stock in trade not exceeding four hundred dollars in value.

"*Ninth,* The library, implements, and office furniture of any professional man."

The heading given the section, "Property exempt owned by head of family," is the work of the compiler of the 1909 edition of the General Statutes. It is not found in the original or enrolled bills or in the statutes of 1868, and should be disregarded.

The most casual consideration of the statute discloses that it was intended first of all to supplement the homestead exemption. A home which creditors could strip of the things essential to home maintenance would be a poor privilege, and consequently a minimum amount of property essential to family existence was exempted from seizure and sale for the payment of debts. It is a matter of common knowledge that the family library will quite certainly be made up of books contributed by both husband and wife. The same is true with respect to musical instruments and household furniture, implements, and utensils, and is likely to be true with respect to all property specified in the fifth, sixth, and seventh subdivisions of the statute. If family property not belonging to the person occupying the position of head of the family could be seized and sold the means of keeping the family intact would be destroyed and the purpose of the legislature in creating the exemption would be defeated.

With a single exception words of proprietorship are not found in the statute until the eighth subdivision

Harrison v. Foster.

is reached, which is not material here. In the fourth subdivision the exemption is extended to wearing apparel "of the debtor." But the words quoted are followed immediately by the words "and his family," and the statute contains various expressions indicating that a group of things identifiable as family property is exempt, no matter where the title to individual articles may rest: "used by the family," "used by the debtor and his family," "for the use of the debtor and his family," "for the support of the debtor and his family," "for their use." Besides this, the exemption granted is not limited to cases of seizure and sale upon process directed against the head of the family. The head of the family shall have the articles of personal property specified exempt from seizure and sale upon any attachment, and this not because he owns them and not for his benefit, but because the legislature deemed them to be essential to family existence and welfare.

Of course, there can not be two exemptions, one to the husband and one to the wife, and any articles not embraced in the exempt group are subject to attachment against the owner. But it is as much a matter of indifference to creditors whether acticles belonging to the exempt group be held in the wife's name or in the husband's name as it is whether title to the homestead be held by the wife or by the husband.

As early as 1868 the statutes of this state had given married women a position in the family quite inconsistent with the common-law notion of dominating headship in the husband. This inconsistency has since been greatly intensified. There is no statute such as may be found in some other states defining the term, "head of a family." It is declared, however, that the phrase shall include any person who has charge of children, relatives, or others living with such person. (Gen Stat. 1868, ch. 104, § 1, subdiv. 29, Gen. Stat. 1909, § 9037, subdiv. 29.) There can be no doubt that under certain circumstances a woman may be the head

of a family within the meaning of the exemption statute although she has a husband upon whom rests the marital duty of supporting and maintaining her, and in some cases, perhaps in this case, it might not be unreasonable to say that either spouse was the head of a family to an extent authorizing an assertion of the exemption right.

The judgment of the district court is affirmed.