Arch Lumber Company, Inc. *vs.* Victor I. Dohm *d.b.a.* Cranston Real Estate Co. *d.b.a.* Dohm Construction Co.

#### AUGUST 7, 1953.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of assumpsit in which the plaintiff attached the defendant's personal estate in the possession of George Arpin & Sons, Inc., a Rhode Island corporation, hereinafter called the garnishee. After a decision in the plaintiff's favor on the merits it petitioned the superior court for a sale of the attached personal estate. In the meantime the defendant's wife Elizabeth Dohm filed a motion to intervene on the ground that she was the lawful owner of such personal estate. That motion was denied after a hearing before a justice of the superior court who expressly found that defendant was the owner. Elizabeth Dohm excepted to that decision and duly prosecuted her bill of exceptions to this court.

However, prior thereto defendant Victor I. Dohm filed a motion in the superior court for the discharge of the garnishee and for an award to defendant in specie of such portion of the attached personal estate to which he claimed he was entitled by virtue of the provisions of general laws 1938, chapter 557, §1, as amended, exempting certain property from attachment. Such motion to discharge and plaintiff's petition to sell were heard together by the same justice of the superior court who had rendered the decision for plaintiff on the merits and denied the motion to intervene. Solely upon arguments of counsel and his knowledge of the record the trial justice denied the petition to sell and granted the motion to discharge the garnishee. The case is here only on plaintiff's exception to that decision, Elizabeth Dohm having withdrawn her bill of exceptions before the hearing in this court.

It appears from the record that the property under attachment is in the garnishee's warehouse where it has been held pending receipt of shipping instructions from defendant who had removed to California. The attached property consisted of personal wearing apparel, tools, household furni-

ture, and children's playthings. Those articles of property were not specifically enumerated, identified and valued at the time of the hearing, as most of them were in containers in the hands and possession of the garnishee.

As the hearing proceeded before the trial justice on the motion to discharge, defendant argued that under G. L. 1938, chap. 557, §1, paragraphs numbered 1 and 14, and paragraphs 2 and 3 as amended, he was entitled to claim the benefit of the several exemptions from attachment therein provided. The plaintiff on the other hand argued that there was no evidence before the court that qualified defendant to claim the benefit of any of such exemptions.

It is true that there was no evidence presented at that particular hearing, but from the whole record including the papers in the case and prior hearings we think there was some basis for the trial justice's findings that defendant qualified under paragraph 2 as a carpenter to claim exemption of his working tools, and under paragraph 3 as a housekeeper to claim exemption of household furniture. It was apparent from the record that plaintiff had been supplying him with lumber for the construction of certain houses and it was a reasonable inference that his tools were for use in such work. Whether defendant was actually engaged in building houses or otherwise working as a carpenter at the time of the hearing is not important so long as the tools in question were his working tools. In the absence of positive testimony to the contrary the trial justice, in our opinion, was justified in finding that defendant qualified under paragraph 2 of the section to claim exemption of such tools from the attachment.

He was also justified in finding that defendant qualified as a housekeeper. Here there was no question but that the household furniture in the possession of the garnishee had been transferred to its custody directly from defendant's home in this state which he had closed to take up a new residence in California. Nor was there any question but that he had taken up housekeeping there with his family and

had informed the garnishee that it was to ship the furniture and other articles to him upon receipt of instructions. The interval between the breaking up of his housekeeping in this state and his resumption of it in California is not of such long-continued duration as to deprive him of his right to claim exemption under paragraph 3 of the statute. For this reason we think *Mills* v. *Nichols,* 21 R. I. 574, cited by plaintiff, is not in point as authority against the trial justice's finding in the circumstances here.

The trial justice also found defendant was qualified to claim exemption of "necessary wearing apparel" of himself and his family under paragraph 1 of the section. The objection which plaintiff makes to this finding is that in view of the fact that defendant and his family have gotten along well in California for several months without such apparel they are not actually in need of it. There is obviously no merit in that contention. The true test, in our opinion, is whether such apparel is necessary in the ordinary circumstances of family living or is a superfluous luxury. And there may be circumstances when even certain clothing which ordinarily is considered a luxury would be deemed a necessity. But we do not have that problem here, since in response to an inquiry by the trial justice along that line it was represented that there was no such item of luxury among the articles of apparel under attachment.

The plaintiff's final objection is that the trial justice erred in finding that defendant could also claim exemption for children's playthings. Its position in this matter is that there is no express provision in the statute for such an exemption. The defendant contends that although there is no express provision, nevertheless such articles are exempt by implication from considerations of public policy as is indicated by G. L. 1938, chap. 557, §1, paragraph 14. That paragraph is as follows: "Such other property, real, personal, or mixed, in possession or action, as is or shall be exempted from attachment and execution, either perma-

nently or temporarily, by general or special acts, charters of incorporation, or by the policy of the law."

Apparently the trial justice agreed with that contention as he said: "I doubt if the statute was ever intended to include anything like a child's plaything, and I will. grant the motion as to the children's playthings by virtue of Section 14." The playthings here are two bicycles, a play pen, and a child's desk and chair. As to such articles, we think the trial justice did not err in holding that the policy of the law favored exempting things of that nature from attachment. What that policy may be as to uncommon and overly expensive things which are sometimes referred to as toys and given to some children as playthings we need not inquire at this time.

Some objection has been made by plaintiff that because there has been no inventory or appraisal of the attached personal estate defendant should not have the. attachment discharged and thereupon be permitted to claim what he pleases. The defendant replies to that objection by conceding that there are further steps to be taken in those respects before he may recover any of the property included under the various classes of exemption. It would seem that such was the view of the trial justice. In his decision, after holding that defendant qualified under the statute to claim such exemptions, he said: "Now, it seems to me that is about as far as I can go. I cannot say specifically what goods, naming them, are to be released from any evidence before me."

Since in a situation like the instant one the statute does not prescribe any procedure to make it function properly with due regard to the rights of both parties, that duty devolves upon the superior court. After it has authorized a release of exempted property from attachment as in the instant case it has a further obligation to supervise the recovery by defendant of such property so that he may actually recover only the specific things to which he is entitled and only to the value expressly limited by the

statute. We think that the court will have no difficulty in respect to the present situation in making the statute operate justly toward the plaintiff while at the same time construing it with reasonable liberality in favor of the defendant.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Letts & Quinn,* for plaintiff.

*John S. Brunero,* for defendant.