**WALNUT VALLEY STATE BANK OF EL DORADO, Plaintiff,**

v.

**James Martin COOTS and Marilyn Dee Coots, Defendants.**

No. 84 1631.

United States District Court, D. Kansas.

April 28, 1986.

Tim Connell, Connell & Connell, El Dorado. Kan., for plaintiff.

Thomas E. Malone, Redmond, Redmond, O'Brien & Nazar, Wichita, Kan., for defendants.

MEMORANDUM AND ORDER

CROW, District Judge.

This case is before the court on appeal from a decision by the bankruptcy court which found all but four of the debtors' antiques to be exempt household furnishings subject to lien avoidance.

On October 8, 1980, the debtors borrowed money from the Walnut Valley State Bank of El Dorado, Kansas. As part of that transaction the bank took a non-possessory, non-purchase money security interest in specified household goods and antiques, and other collateral not relevant to the matter before this court. The debtors filed a voluntary petition under chapter 7 of the U.S. Bankruptcy Code on or about November 9, 1982. Debtors subsequently amended their B-4 exemption schedule so as to specifically claim the antiques specified in the security agreement as exempt property pursuant to K.S.A. 60–2304, and also filed a motion to avoid the bank's lien on those antiques under 11 U.S.C. § 522(f). The bank objected to the debtor's exemption claim and motion for lien avoidance. After an evidentiary hearing on the issue, the bankruptcy court found all of debtor's listed antiques, except for a steamer trunk, a pie cupboard, a bookcase, and a fainting couch, to be reasonable and necessary household furnishings based on the debtor's customary standard of living, and avoided the bank's lien on them. The bank now appeals.

The bank first contends the bankruptcy court erroneously relied upon *Nohinek v. Logsdon*, 6 Kan.App.2d 342, 628 P.2d 257 (1981), in determining whether the debtors' antiques were exempt.

The Bankruptcy Act gives debtors a choice between a set of federal exemptions and the applicable state exemptions, unless state law prevents the debtor from electing the federal exemptions. *See* 11 U.S.C. § 522(b). Kansas has passed legislation that limits its debtors to exemptions available under state law. *See* K.S.A. 60–2312. The relevant Kansas exemption is found in K.S.A. 60–2304 which provides in part:

Every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property:

(1) The furnishings, equipment and supplies, including food, fuel and clothing, for the person which is in the person's present possession and is reasonably necessary at the principal residence of the person for a period of one year.

The only Kansas case to construe the phrase "reasonably necessary" as it relates to the household furnishings exemption is *Nohinek v. Logsdon*, 6 Kan.App.2d 342, 628 P.2d 257 (1981). That case held that a trial court should not enlarge the language found in K.S.A. 60–2304(1) by exempting all household furnishings, but should make a factual determination that the exempt property is reasonable and necessary to the debtor's customary standard of living. 6 Kan.App.2d at 345, 628 P.2d 257. In so holding, the court rejected the narrower rule that only indispensable goods are "reasonably necessary."

The bank admits *Nohinek* is the law in Kansas, but argues it is bad law. The bank's criticisms of *Nohinek*, *i.e.*, that its test is vague and that application of the test results in unequal protection of debtors and creditors, may provide in another context a basis for challenging the constitutionality of a statute, but do not justify this court in dismissing *Nohinek* as wrongly decided. Although this quiet court is not bound by the *Nohinek* decision, as it was not rendered by the highest court of the state, *see King v. Order of Travelers*, 333 U.S. 153, 160–61, 68 S.Ct. 488, 492–93, 92 L.Ed. 608, 613 (1948), that decision is a datum for ascertaining state law which is "not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. AT & T Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139, 144 (1940); *see Commissioner v. Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782–83, 18 L.Ed.2d 886, 893 (1967).

■ The bank has not presented any data that the Kansas Supreme Court would overrule *Nohinek*. Therefore, this court views *Nohinek* as some indication of how the Kansas Supreme Court would rule on the issue, particularly in light of the fact that the author of the *Nohinek* decision is a member of the Kansas Supreme Court.

Additionally, the *Nohinek* holding reflects what appears to be the majority view of the term "necessary" in the context of exemptions for household furnishings. *See* 41 A.L.R.3d 607, 612 (1972); 31 Am.Jur.2d *Exemptions*, § 74, p. 397. The bankruptcy court correctly relied upon *Nohinek* in finding the debtor's antiques to be reasonably necessary household furnishings within the exemption set forth in K.S.A. 60–2304(1).

The second issue on appeal is whether the bankruptcy court committed reversible error in finding only certain antiques stored in the debtor's attic, garage or basement to be subject to the bank's lien. The bank argues that all antiques not in the living area of debtors' home should have been found non-exempt, and subject to its lien. *See* 11 U.S.C. § 522(f)(2)(A).

The record supports the bank's assertion that antiques other than the steamer trunk, pie cupboard, fainting couch and one antique bookcase were in the debtor's attic, basement or garage on the date of the debtor's bankruptcy filing. Specifically, Marilyn D. Coots testified that a Quick-Meal kitchen stove was in the basement, and that two boxes of antique glassware were in the attic on that date. (Trans. pp. 13, 14, 36, 37) She stated she was not using the items in the attic. (Trans. p. 32)

The judge's memorandum and order notes testimony that two boxes of glassware were stored in debtor's attic and not used. However, the judge stated he was "unable to distinguish between those items which are reasonably necessary and those which are not" because the specific items were not correlated to or identified on the debtor's list of antiques.

■ A review of the record reveals Mrs. Coots' testimony that the two boxes of glassware consisted of a "small portion" of all the glassware listed as antique. (Trans. p. 15) Apparently the two boxes of glassware could not be identified as any particular item or items on the debtors' list of antiques because those two boxes contained items gleaned from at least several sets of the glassware listed. However, strict correlation between the particular items of glassware boxed and stored in the attic and the items on the list of antique glassware was not essential to the determination whether the boxed items were reasonably necessary household furnishings. Mrs. Coots' testimony that the boxed items were included on the list of antiques taken by the bank as collateral, her statement that the boxed items were "unused," and the fact that they were in the debtors' attic compels the conclusion such items were not reasonably necessary to maintain the debtors' customary standard of living.

■ The bankruptcy court's order makes no mention of the antique stove in the debtors' basement. Although Mrs. Coots did not testify to her "non-use" of the stove, neither did she testify to any use of the stove, either decoratively or otherwise. Although the Kansas exemption statute has been liberally construed in favor of the debtor and debtor's family, *see, e.g.,* 6 Kan. App.2d at 344–45, 628 P.2d 257, the burden remains upon the debtor to establish his entitlement to an exemption. Here, the only evidence relative to the antique stove was that it was in the debtor's basement. That fact is insufficient to show the stove was a household furnishing reasonably necessary to maintain the debtors' customary standard of living.

The court finds the two boxes of glassware in the debtors' attic and the stove in the debtors' basement to be non-exempt under K.S.A. 60–2304(1). The bank's lien on those items is, accordingly, non-avoidable under 11 U.S.C. § 522(f)(2)(A). *See Matter of Thompson*, 750 F.2d 628, 631 (8th Cir.1984); *Matter of Noggle*, 30 B.R. 303, 306 (Bankr.E.D.Mich.1983); *In re Meany*, 35 B.R. 3 (Bankr.D.Kan.1982).

The bankruptcy court's finding that only four antiques were not decoratively or otherwise put to use in the debtors' home is reversed and it is held that the Quick-Meal stove, and the two boxes of antique glassware which were stored in the debtors' attic on November 9, 1982 remain subject to the bank's lien as do the steamer trunk, the pie cupboard, one bookcase and the

fainting couch. The remainder of the debtors' antiques, although not indispensable to the debtors' survival, were correctly found to be household furnishings reasonably necessary to maintain the debtors' customary standard of living, and the bank's lien on those antiques was properly avoided.

IT IS SO ORDERED.