**In re David T. EITH, also known as David Thomas Eith, Debtor.**

**In re David T. EITH, dba Industrial Medical Clinic, Debtor.**

**In re AIRPORT MEDICAL SERVICE, INC., Debtor.**

**In re PAWAA MEDICAL LABORATORY, INC., Debtor.**

**Bankruptcy Nos. 87–00966 and 87–01004 to 87–01006.**

United States Bankruptcy Court, D. Hawaii.

June 7, 1988.

Jerrold Guben, Honolulu, Hawaii, for trustees.

Wesley H. Ikeda, Honolulu, Hawaii, for debtor.

Susan Tius, Honolulu, Hawaii, for creditor, Mary Eith.

### MEMORANDUM DECISION AND ORDER RE: OBJECTION TO EXEMPTION

JON J. CHINEN, Bankruptcy Judge.

On April 19, 1988, Richard M. Kennedy, Trustee of the Estate of David T. Eith, and Edward J. Stanley, Trustee of the Estates of David T. Eith, dba Industrial Medical Clinic, Airport Medical Service, Inc. and Pawaa Medical Laboratory, Inc. (both being hereafter jointly referred to as "Trustees"), filed Trustees' Objection to Debtor's Claim of Exemption, wherein they moved this Court for an Order denying exemption of certain books claimed by David T. Eith, M.D., ("Debtor"). A hearing was held on May 24, 1988 at which hearing Jerrold Guben, Esq., represented the Trustees, and Wesley H. Ikeda, Esq., represented Debtor. Following arguments of counsel, the Court took the matter under advisement. Based upon the memoranda submitted, the records in the file, arguments of counsel and, being fully advised in the premises, the Court renders this Memorandum Decision.

The Debtor filed his Chapter 7 petition on December 10, 1987, and thereafter filed his schedules which proposed to exempt from his estate a collection of certain books and written materials.

The Debtor claimed these books and written materials exempted pursuant to Section 651–121, H.R.S.

Section 651–121 provides in pertinent part:

§ 651–121 Certain personal property and insurance thereon, exempt. The following described personal property of an individual up to the value set forth shall be exempt from attachment and execution as follows:

(1) All necessary household furnishings and appliances, books and wearing apparel, ordinarily and reasonably necessary to, and personally used by a debtor or the debtor's family residing with the debtor; and, in addition thereto, jewelry, watches, and items of personal adornment up to an agregate cash value not exceeding $1,000.

The Trustees object to the Debtor's claim of exemption for certain of the books listed in Exhibit A attached to their objection on the ground that said books were and are not "necessary" and not "ordinarily and reasonably necessary to, and personally used by a debtor or the debtors' family residing with the debtor ..." The Trustees assert that certain of the books were and are held for collection and investment purposes and should be deemed property of the estate.

█ When a debtor files a petition under Chapter 7, all of his property becomes part of the estate. Thereafter, the debtor may claim certain property as being exempted, either under the federal Bankruptcy Code or the state statute. Though the exemption provision is to be liberally construed, where there is an objection to a claimed exemption, the burden is on the debtor to prove that he is entitled to the claimed exemption.

█ In the instant case, the debtor had kept his books and written materials in boxes at his business office. These books and materials covered a variety of subjects, from easy, relaxing reading materials to highly technical materials, from adventure stories of Tarzan to many "collections": Hawaiian collections, collection on Winston Churchill's books; collection on Captain Cook's Journals. Some were in French and some were books only for persons with special interest in the land system of Hawaii.

Debtor failed to present any testimony to show that he or his family members read these books and materials for pleasure or relaxation. It appears to this Court that some of the books, such as stories on Tarzan, are for pleasure. But, without evidence to the contrary, the Court finds the Hawaiian collection to be for investment purposes. *Walnut Valley State Bank of El Dorado v. Coots,* 60 B.R. 834 (D.Kan. 1986), *In re Reid,* 757 F.2d 230 (10th Cir. 1985). The Court authorizes the Trustee to contact an appraiser experienced in dealing with books to estimate the cost of valuing those books he believes are for investment purposes. After approval of the appraiser by the Court, the Trustee may engage the services of that appraiser. Thereafter, the Trustee may then file a motion to sell those collections with an opportunity for debtor to object.