The opinion of the court was delivered by
Hokton, C. J.:
This was action of replevin for one Gordon job-printing press, brought by Will. D. Jenkins, as plaintiff, against C. E. McNall, as. defendant. The case was tried to the court without the intervention of a jury. The court rendered a judgment for the defendant, to which plaintiff excepted.
The question in the ease is, whether the printing press was exempt to the plaintiff. Sec. 3, ch. 38, p.,437, Comp. Laws of 1879, provides:
“Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any *533 court in this state, the following articles of personal property: . . . 8th. The necessary tools and implements of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business. . . .”
If this case, under the findings of the court, came within the provisions of this statute^we would hold that the printing press was exempt from seizure and sale. Notwithstanding the opinion in Buckingham v. Billings, 13 Mass. 82, and Danforth v. Woodward, 10 Pick. 423, we know of no good reason, upon a liberal interpretation of our exemption laws, why such a printing press should not be exempt. The exemption laws are to be liberally construed, so as to effect the humane purpose of the legislature in enacting them; and it would seem to us that a job-printing press, used and kept by a person for the purpose of carrying on his trade or business as a job printer, might be as much a necessary tool or implement of such a person as an ax to a carpenter, or an anvil to a blacksmith. It will not do to confine “tools and implements” to such implements only as are used by the hand of one man. (Bequillard v. Bartlett, 19 Kas. 382; Vorhees v. Patterson, 20 Kas. 555; Patten v. Smith, 4 Conn. 450; Lallee v. Waters, 17 Ala. 482.) But the findings of the court do not clearly bring the plaintiff clearly within the terms of the statute, so that the printing press in this case was exempt from execution. It appears from the findings that at the date of the levy the plaintiff was engaged in editing a newspaper, running a job-printing office, and also acting as an agent for the loaning of money. It is not shown that the running of the job-printing office was his principal or main business. The findings show that the plaintiff only depended on his printing office in part for the support of himself and family. In answer to an inquiry whether the use of the printing press was necessary to the plaintiff in the successful prosecution of his trade or business, the court answered that it was as to the branch of job printing. A person cannot, by multiplying his employments, claim cumulatively several exemptions, created by the statute for several distinct employments. Thus, one person cannot *534 claim the exemption of his library and office furniture as a professional man, and at the same time ask to have exempted to him tools and implements for the purpose of carrying on his trade of business as a mechanic or miner. The mere fact, however, that a debtor carries on two or more trades or professions at the same time, does not deprive him of all exemptions. If he has two separate pursuits, the exempted articles must belong to his main or principal business. In other words, to the business in which he is principally engaged. (Comp. Laws 1879, ch. 38, p. 437; Berritt v. Crandall, 19 Wis. 581; Guptil v. McFee, 9 Kas. 30; Thompson on Exemptions, § 758.) Under the findings, for aught that appears, the plaintiff may have derived his principal support from editing a newspaper, or from his business as a loan agent. At least there is no finding that the property levied upon was necessary for the purpose of carrying on any trade or business from which the plaintiff derived his principal support; nor ■ is there any finding that the business of job printing was the principal or main business of plaintiff. The judgment of the court was against the plaintiff, and all the presumptions are in favor of the judgment, unless the special findings of the court are inconsistent therewith. If the special findings can be construed in harmony with the general finding, such construction must be given. We think this can clearly be done. As the court decided the property not exempt, and as it does not appear from the special findings that the plaintiff derived his principal support from his business of job printing, and as it does appear from such findings that he was engaged in several employments or pursuits, we cannot hold, under the circumstances of the case, against the judgment, that the property described in the petition was exempt to the plaintiff. Therefore the judgment of the district court will be affirmed.
All the Justices concurring.