Bliss v. Vedder.

## J. W. BLISS v. JAMES S. VEDDER.

1. PRINTING PRESS; *Exemption from Execution.* A printing press and printing materials, used in printing and publishing a weekly newspaper, may be exempt from execution under subdivision 8, § 3, of the exemption laws, and under the facts of this case are exempt.

2. PRINTING PRESS AND MATERIALS, *Held Exempt.* Where the owner of a printing press and printing materials resides in Kansas, is a married man and the head of a family, and uses such printing press and printing materials for the purpose of editing and publishing a newspaper, and they are necessary therefor; and the editing and publishing of such newspaper is his principal business, and the business from which he derives his principal support; and in editing and publishing such newspaper he personally arranges the matter and forms therefor, and performs such other work as is usually performed by the foreman of a weekly newspaper; but, not being a practical printer, the most of the work is done through the agency of employés; and he is a partner in two other kinds of business, and is also a justice of the peace: *Held,* That the property is nevertheless exempt from execution, although it is not exclusively used by the owner in person, and although he may have an interest in other kinds of business.

*Error from Washington District Court.*

REPLEVIN, brought by *Bliss* against *Vedder,* to recover a printing press, type, etc. Trial at the April Term, 1883, and judgment for defendant. The plaintiff brings the case here. The opinion states the facts.

*J. W. Rector,* and *W. P. Mudgett,* for plaintiff in error.

*Lowe & Smith,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J. : This was an action of replevin, brought by J. W. Bliss against James S. Vedder, to recover certain personal property hereafter mentioned. The case was tried before the court without a jury, upon an agreed statement of facts. It appears from this agreed statement of facts that on December 19, 1882, the defendant, as constable, held an execution issued on an ordinary judgment for debt against the plaintiff, and then

levied the same on one Washington Hoe printing press and certain type and other articles used in connection with the press in printing a weekly newspaper in Washington county, Kansas; that the plaintiff at and prior to that time was, and ever since has been, a resident of Kansas, a married man, and the head of a family; that he was then engaged in the business of editing and publishing said newspaper, and was also engaged in carrying on a job-printing business in Washington in partnership with one Crosby, and was also in partnership with one Mudgett in the loan, land and insurance business, and was also a justice of the peace; but that the publishing of said newspaper was his main, chief and principal business, from which he derived his principal support; that all the property so levied on was then used in and about the publishing of said newspaper, and was necessary for that purpose; that the plaintiff was not a practical printer, and used said property through the agency of his employés, except that he himself edited the newspaper and made up the same and arranged the matter and forms for the same, and did the work on the same usually done by the foreman of a weekly country newspaper; that said property then belonged to the plaintiff; that after it was levied on, and before the plaintiff began this action, he demanded the property of the defendant as being exempt from seizure, which demand was refused, and the plaintiff then brought this action of replevin and took and retained the property on an order of delivery. Upon these facts the court below held that the property was not exempt, and rendered judgment in favor of the defendant and against the plaintiff in the alternative for a return of the property or for $78.95, the value of the property, and for costs. The plaintiff brings the case to this court for review.

Counsel for the defendant state the question for consideration in this court as follows:

"The one and the only question for your consideration is as to whether a printing press and other materials used in the publishing of a weekly newspaper come within the provisions of subdivision 8, § 3, of our exemption law, when the owner of the same is not an operative, not a tradesman, not a 'practical printer,' but uses the same only by and through his employés,

and this too in view of the fact that he is engaged at the same time in three other and distinct branches of business."

The exemptions provided for by said subdivision 8, § 3, of the exemption laws, are as follows:

"*Eighth.* The necessary tools and implements of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business; and in addition thereto, stock in trade not exceeding $400 in value."

The defendant claims that the printing press and other materials levied on in this case are not exempt from execution, for the reasons that they are not tools or implements at all, or if tools or implements, then that they are not the kind of tools or implements contemplated by the exemption laws; that the plaintiff is not a mechanic or miner, or other like person — not even a printer, but is a professional man and an editor of a newspaper; that the articles in controversy are not used or kept for the purpose of carrying on the plaintiff's trade or business as a professional man or editor, but are used and kept for printing a newspaper; and that the articles in controversy are not used or operated exclusively by the plaintiff, but are used and operated, partially at least, if not wholly, by employés.

We think the articles are exempt. It does not appear that any of them are costly or complicated machinery, or such that they cannot be easily used or operated by hand, even if being costly or complicated or not easily used or operated by hand would take them out of the exemption laws. From the judgment rendered in the case it seems that the value of the property in the aggregate is only $78.95, and there is no pretense anywhere that it is worth more than $492. We think the articles in controversy are tools and implements within the meaning of the exemption laws. (*Sallee v. Waters*, 17 Ala. 482; *Prather v. Bobo*, 15 La. An. 524; *Patten v. Smith*, 4 Conn. 450. See also, in this connection: *Jenkins v. McNall*, 27 Kas. 532, 533; *Bequillard v. Bartlett*, 19 id. 382; *Voorhees v. Patterson*, 20 id. 555; *Davidson v. Sechrist*, 28 id. 324; *Healy v. Bateman*, 2 R. I. 454.)

And the plaintiff is not a mere editor of a newspaper; he is

Printing press and materials, exempt.

also the publisher thereof; and the manual labor of publishing the same is not all done by employés, but he performs a considerable portion of the work himself; and the fact that the plaintiff performs some of the work by and through the agency of employés does not prevent the exemption laws from applying to the property and rendering the same exempt from execution. (*Howard v. Williams,* 19 Mass. 80; *Dowling v. Clark,* 85 id. 570; *Rayner v. Whicher,* 88 id. 292; *Dowling v. Clark,* 83 id. 283.)

Upon the claim of the defendant that printing presses and printing materials are not exempt from execution, he cites the following cases, among others: *Buckingham v. Billings,* 13 Mass. 82; *Danforth v. Woodward,* 27 id. 423; *Spooner v. Fletcher,* 3 Vt. 133.

These cases seem to hold that printing presses and printing materials are not "tools" within the meaning of their exemption statutes. Now these cases may not be in conflict with the views expressed by us, for these cases relate to tools only, while our statutes relate to "tools and implements;" and the statutes of Massachusetts and Vermont may in other respects differ very materially from ours. But if these cases do conflict with the views we have expressed, then we must say that we cannot follow them. We have examined all the other cases cited by counsel. The principal authorities will be found cited in Thompson on Homesteads and Exemptions, § 755, *et seq.,* and Freeman on Executions, 266, *et seq.* The decisions are as diverse as are the statutes upon which they are founded.

The judgment of the court below will be reversed, and the cause remanded with the order that judgment be rendered in favor of the plaintiff and against the defendant for the property in controversy, and for costs.

All the Justices concurring.