J. J. MILLER, *as Sheriff of Dickinson County*, v. JOSEPH WEEKS.

EXEMPTION—*Tools and Stock in Trade.* Tinners' tools and stock in trade necessary to carry on the trade of a tinner, and used for that ·purpose, and being the only means of support for the owner and his family, are exempt from seizure and forced sale under the eighth subdivision of § 3 of the exemption law.

*Error from Dickinson District Court.*

REPLEVIN. Judgment for plaintiff, *Weeks*, on July 18, 1888. The defendant sheriff, *Miller*, brings the case here.

*Garver & Bond,* for plaintiff in error.

*J. H. Mahan,* for defendant in error.

Opinion by SIMPSON, C.: In an action brought by the Richards & Conover Hardware Company against Joseph Weeks, an attachment was issued out of the district court of Dickinson county, and Miller, the sheriff, levied the order of attachment upon a certain stock of hardware, together with tinners' tools and materials, as the property of Weeks. This action in replevin was commenced by Weeks against the sheriff to recover possession of the tinners' tools and materials, they being claimed as exempt to him by virtue of the eighth subdivision of § 3 of the exemption law. The cause was tried by a jury, which returned a general verdict for Weeks, fixing the value of the tools and materials at $500. They also answered special interrogatories, as follows:

"1. At the time plaintiff made the assignment to S. G. Cooke, was his principal business that of a hardware and agricultural implement dealer? Ans. It was the principal branch of his business.

"2. Did Weeks, prior to the making of his assignment and up to that time, depend principally upon his hardware and agricultural implement business for the support of himself and family? A. He relied upon all as one business.

"3. Was Weeks, at the time of said assignment, a practical tinner? A. No.

"4. Were the tools in question used in the hardware and implement business of plaintiff? A. Yes, in connection with his business.

"5. Did the hardware and implement business of plaintiff consist principally in the buying and selling of goods already manufactured, and did the tinware and so forth, made in plaintiff's shop, constitute only a small percentage of the goods sold in the entire business of plaintiff? A. The tinware was the smaller part of his business.

"6. Was the tinning business of plaintiff carried on independently of his hardware business? A. No.

"Q. Was the business of making tinware and sheet-iron ware run in connection with the hardware business at the

time the assignment was made, or was it at that time a separate business?   A. All parts of his business were run in connection.

"Q. After making the assignment, did the plaintiff have any other means of support except his tinware and sheet-iron work?   A. No."

A motion for a new trial was overruled, and the cause brought here for review.   The only question discussed or urged by counsel for plaintiff in error is, whether the tools and stock in trade are exempt under the facts presented.   It is shown by the record that after Weeks had made an assignment of his hardware stock for the benefit of his creditors he immediately went to work at the tinning business, and was actually engaged at tin work when the levy was made.   He had no other means of support for himself and family than that derived from his tin work.   While he was not a good, practical tinner, skilled in all branches of such work, yet he had before the assignment worked some at the business, and had personally used the tools, and at the time the levy was made was engaged in putting a tin roof upon a building.   The jury find specially that after he made an assignment of his hardware stock his tinshop was his only means of support.   With this state of facts, we have been unable to distinguish this case from that of *Bliss v. Vedder*, 34 Kas. 57.   Indeed, we think the case is a stronger one for the claimant than the one cited, because of the fact that after the assignment his tools and stock in trade were the only means of livelihood for himself and family.   In the case in 34 Kas., Bliss, the claimant of the exemption, was engaged in editing and publishing a weekly newspaper, was engaged in job printing in partnership with one Crosby, and was engaged in the loan, land and insurance business with one Mudgett.   The business he was engaged in with Mudgett was entirely disconnected with and dissimilar to his printing business.   Bliss was not a practical printer, but to some extent used the printing press and type through the agency of employés.   In this case, the sole work of the claimant of the exemption at the time of the levy was in his

tinshop; and there is no conflict in the evidence but that the proceeds of such work performed by himself were his sole means of support.    It was agreed by the parties in open court that the value of the property involved in this action is as follows: The value of the tools, $300; and the value of the stock in trade, $200.

For the reason that at the time of the levy he was actually engaged in the tin-work business, and it was the only means of support he had for himself and family, we hold that the tools and stock in trade were exempt.    It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.