**In re Richard Wayne OETINGER,
Holly Ann Oetinger, Debtors.**

**Bankruptcy No. 84–40874.**

United States Bankruptcy Court,
D. Kansas.

April 16, 1985.

Gary A. Hanson, Stumbo & Stumbo, Topeka, Kan., for debtors.

Jan M. Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, Kan., for Union State Bank.

Carol A. Park, Wichita, Kan., Asst. U.S. Trustee.

## MEMORANDUM

JAMES A. PUSATERI, Bankruptcy Judge.

This matter comes before the Court on the objection of the Union State Bank to debtor Holly Oetinger's claimed exemptions and motion to avoid liens and on the Bank's application to determine the validity of its claimed security interest. The Court has reviewed the testimony and briefs and is ready to render a decision.

The debtors appear in person and by their attorney, Gary A. Hanson of Stumbo & Stumbo, Topeka, and the Bank appears by its attorney, Jan M. Hamilton, of Hamilton, Peterson, Tipton & Keeshan, Topeka.

Holly Oetinger claims to be a farmer and therefore seeks to avoid the liens on $5,000 worth of farm equipment that she contends is exempt as tools of her trade. Under 11 U.S.C. § 522(f)(2) a debtor may avoid the fixing of a nonpossessory, nonpurchase money lien that impairs an exemption to which the debtor is entitled, such as tools of his or her trade. Kansas law also recognizes an exemption for a debtor's tools of trade. K.S.A. § 60–2304(5). A debtor who carries on more than one trade or profession may nonetheless claim an exemption for tools of trade, but the exempted articles must pertain to the business in which he or she is primarily engaged. *Jenkins v. McNall,* 27 Kan. 532, 533–34 (1881); *Bliss v. Vedder,* 34 Kan. 57, 7 P. 599 (1883); *Miller v. Weeks,* 46 Kan. 307, 26 P. 694 (1888).

The Court finds that the evidence supports Mrs. Oetinger's contention that her primary occupation is farming. She testified that she actually operates the farm equipment and helps plow, disc and cultivate. She has helped pick up alfalfa bales, operates the tractor, hauls the grain and makes trips to get fertilizer. She also feeds and helps load the hogs. She is now employed off the farm at Shield of Shelter Insurance in Clay Center. Her hours are 1 to 5 Monday through Friday, which leaves many hours before and after work and on weekends for her labor on the farm.

This testimony constitutes a prima facie showing that Mrs. Oetinger's principal occupation is farming. No evidence was presented to the contrary and the Court finds that she is entitled to exempt $5,000 worth of farm equipment as tools of her trade, upon which lien avoidance should be allowed.

The Bank's application to determine the validity of its claimed security interest was precipitated by the debtors' contention that since Mrs. Oetinger's signature does not appear on the financing statements covering some of the collateral, the Bank's claimed lien on her one-half interest in the property is unperfected and therefore as debtor-in-possession, she can avoid the liens. The Court finds that Mrs. Oetinger's position is without merit.

Mrs. Oetinger claims to be co-owner of all of the farm equipment. She does not set out the theory under which she deems herself entitled to ownership status, but the Court is of the opinion that the only way she can be co-owner of the equipment is by virtue of a partnership between her and her husband.

This is a partnership in the legal sense, not in the sense that husband and wife are "partners," because a spouse does not acquire a joint interest in all the property belonging to the other simply by virtue of the marriage. Kansas Statutes Annotated section 58–312 grants a spouse a right to veto creation of a nonpurchase money lien on the property of either of them only so far as the property is exempt by law to resident heads of families. Section 23–201(b) provides that upon filing of an action for divorce, all property acquired by either spouse after marriage becomes marital property. This section was enacted in order to avoid adverse federal tax implications of transfer of property acquired during the marriage from one spouse to the other as part of a divorce settlement, *Wachholz v. Wachholz*, 4 Kan.App.2d 161, 163, 603 P.2d 647 (1979), and suggests that under normal circumstances a spouse has no interest in the separate property of the other. Indeed, section 23–204 specifically states that a married person may carry on a trade or business on his or her separate account and the earnings therefrom "shall be his or her sole and separate property" to be disposed of and invested in his or her own name. Therefore, if Mr. Oetinger were the only farmer in the family, Mrs. Oetinger would not automatically acquire an ownership interest in the farm earnings or property purchased with the earnings simply by virtue of being married, because Kansas is not a community property jurisdiction.

A partner, on the other hand, occupies a very different position. All property acquired by a partnership is partnership property, K.S.A. § 56–308(a), in which each partner has an interest, K.S.A. § 56–325(a). A partnership is defined as an association of two or more persons to carry on as co-owners a business for profit. K.S.A. § 56–306(a). The farming operation of the Oetingers meets this definition, and Mrs. Oetinger's activities on the farm have already been found to qualify her as a farmer. The Court therefore finds that the Oetinger farm is a partnership and Mr. and Mrs. Oetinger are partners.

Each partner is an agent of the partnership and may bind the partnership contractually with a third party. The exception to this is when a partner does not have actual authority and the third party dealing with the partner has actual notice of the partner's lack of authority. K.S.A. § 56–309(a).

The mortgages entered into by Mr. Oetinger in this case are binding on the partnership and on Mrs. Oetinger as partner. Mr. Oetinger had apparent authority to bind the partnership and the lender had no notice of any lack of authority. The financial statements were signed by Mr. Oetinger and his signature is sufficient to bind the partnership and encumber Mrs. Oetinger's interest in the property. Mrs. Oetinger related that she and her husband discussed all farm matters and that the loans were discussed prospectively. She also stated that after discussion she was aware that her husband would then approach the bank for the loans.

Furthermore, the evidence is such that Mrs. Oetinger can be deemed to have ratified her husband's granting of a perfected security interest in the equipment. Ratification is the adoption or confirmation by a principal of an act performed on his or her behalf by an agent without authority. *Theis v. duPont, Glore Forgan, Inc.*, 212 Kan. 301, 510 P.2d 1212 (1973). Ratification of the act of an agent may consist of receiving and retaining the benefits of the act. *Will v. Hughes*, 172 Kan. 45, 238 P.2d 478 (1952). Upon acquiring knowledge of his or her agent's unauthorized act, a principal should promptly repudiate the act, otherwise, it will be presumed that he or she has ratified and affirmed it. *Stratmann v. Stratmann*, 6 Kan.App.2d 403, 628 P.2d 1080 (1981). Mrs. Oetinger signed one of the security agreements so she had knowledge that capital had been borrowed and she must have known that the Bank would seek a perfected security interest. She accepted the capital which flowed from the Bank into her farming operation. Nevertheless, she gave no indication that she disapproved of her husband's borrowing the money or his signing of the financing statements filed in 1971, 1976 and 1981 until she disputed the Bank's perfected status after this chapter 11 proceeding was filed in 1984. Consequently, she may not now contend that the Bank is unperfected in her half of the partnership property.

The Court therefore finds that the Bank has a perfected security interest in Mrs. Oetinger's share of the farm equipment and that the debtor-in-possession's motion to avoid the security interest should be denied.