**In re John David MASSONI, Sharon L. Massoni, Debtors.**

**Bankruptcy No. 86–10055.**

United States Bankruptcy Court, D. Kansas.

Sept. 5, 1986.

J. Michael Morris, Sargent, Klenda, Mitchell & Austerman, Wichita, Kan., for debtors.

Edward J. Nazar, Redmond, Redmond, O'Brien & Nazar, Wichita, Kan., for Plains State Bank.

Lynn D. Allison, Wichita, Kan., Trustee.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

This matter comes before the Court on the objection of the Plains State Bank to the debtor John David Massoni's claimed exemptions and motion to avoid lien. The debtor seeks to exempt certain farm equipment as tools of trade and to void the lien thereon. The Bank contends debtor is not a farmer but a real estate salesman or lessor and so cannot avoid the lien. The parties have agreed to withhold their valuation dispute from the Court's consideration pending determination of the issue whether debtor is a farmer.

### FINDINGS OF FACT

This matter was submitted on the briefs.

The debtor claims as exempt a 1971 Steiger tractor with Detroit Diesel engine and a "Big–12" grain cart. The parties do not dispute that those items are reasonably necessary tools of the farming trade.

Debtor and his wife own certain farmland upon which they have previously planted and harvested crops. Tax returns filed for the years 1982, 1983 and 1984 show debtor and his wife realized gross profits from their farming operation of $217,856, $211,506 and $234,629, respectively. The farm expenses and deductions for those years exceeded gross profits, however, so that the net farm loss for each of those years was $152,146, $117,054 and $364,669. In 1982, debtor and his wife also earned $23,970 in rental and royalty income. In 1983 and 1984 they earned $480 from an oil and gas lease.

In 1985, debtor planted his homestead with wheat. He leased his homestead and other land to his sons who planted milo and wheat on the other land in 1985 and wheat on the homestead in 1986. (The land was leased to the sons because they, and not debtor, were able to obtain financing.) Debtor labors for his sons on the leased land, plowing, drilling, hauling and harvesting. The sons have also used debtor's tractor and were taking it to the fields to "prepare it" for debtor when the tractor broke down. The sons do not pay debtor a salary; instead, the sons pay some of debtor's bills, including house and insurance payments. Debtor testified his consideration for working for his sons is "love and affection." Debtor and his wife also receive a one-fifth landlord's share of the crops planted by the sons. The 1985 tax return shows debtor had a gross farming income of $122,774, but that he operated at a net loss after expenses of $31,176. Debtor had no rental or royalty income in 1985.

In September, 1985, debtor also began working as a real estate agent for Five-Star Realty. He received one commission of $158 in 1985. After deductions for office, license and other expenses, he earned a negative $147 from his real estate work.

Debtor testified in his 2004 examination that he intended to farm his and his father's land "on his own" after he had sufficient income. In response to a follow-up question from Bank's counsel about when debtor was "going to be intending to resume those farming activities," debtor replied:

> As soon as I become where I can know what I have got to do with. As soon as I can afford to do it, and as soon as I can get started in it.

### CONCLUSIONS OF LAW

Title 11 U.S.C. § 522(f) allows the debtor to avoid the fixing of a nonpossessory, nonpurchase-money lien to the extent the lien impairs a debtor's exemption in, for example, tools of trade. Kansas law permits the debtor to exempt "[t]he … instruments, tools, implements and equipment … regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation." K.S.A. § 60–2304(5). A debtor who carries on more than one trade or profession may only ex-

empt those articles belonging to his main or principal business, or to the business in which he is primarily engaged. *In Re Oetinger*, 49 B.R. 41 (Bankr.D.Kan.1985), citing *Jenkins v. McNall*, 27 Kan. 532, 533–34 (1881); *Bliss v. Vedder*, 34 Kan. 57, 7 Pac. 599 (1883); *Miller v. Weeks*, 46 Kan. 307, 26 Pac. 694 (1888). The Kansas exemption laws are to be liberally construed, "so as to effect the humane purposes of the legislature in enacting them." *Jenkins v. McNall*, 27 Kan. at 533.

In this case, the Bank focuses on debtor's answer to its 2004 examination question about "resuming farming", and argues that debtor's testimony reveals he abandoned farming to pursue a real estate career in sales and leasing of his property. The Bank also urges that debtor is not a farmer because his farming income was derived only from a landlord's share of crops. The Court does not agree.

■ First, there is nothing in debtor's testimony that indicates he intended to abandon farming when he took up real estate. The Court construes debtor's answer to Bank's question to mean that he intends to resume farming on his own—as opposed to farming for his sons—as soon as his income is sufficient. The Court therefore finds that debtor did not abandon his farming occupation.

■ Next, the Court sees nothing in the Kansas exemption scheme which requires a debtor to farm his own property for himself, as opposed to performing farm labor for someone else. Debtor's situation is no different from that of a carpenter, for example, who, as an independent contractor, must use his own tools but who performs labor for someone else. In short, the mere fact debtor's farm income was derived from a landlord's share of crops does not preclude him from being a farmer in this case, since he testified that he actually engaged in the farming activities of plowing, drilling wheat, and so on.

■ Finally, the fact that debtor allowed his sons to use his tractor is not dispositive under the Kansas exemption laws.

> "Tools and implements" are not to be confined to such implements only as are used by the hand of one man. The fact the property may not be used exclusively by the owner in person but also by his employees [here, by the employers] does not extinguish its exempt character.

*Emporia Wholesale Coffee Co. v. Rehrig*, 173 Kan. 841, 845, 252 P.2d 590 (1953). See also *Bliss v. Vedder*, 34 Kan. 57.

■ Accordingly, the Court finds that the business in which debtor primarily engages is farming. The Bank's objection to debtor's tools of trade exemption on the ground debtor is not a farmer is therefore overruled. The Bank's lien on debtor's tools of trade shall be avoided to the extent of $5,000, subject to this Court's later finding on the value issue.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.