**In re Glen C. (Mio) MECKFESSEL Thelma Mae Meckfessel, Debtors.**

**Bankruptcy No. 85–11442.**

United States Bankruptcy Court, D. Kansas.

Nov. 3, 1986.

Dennis E. Shay, of Smith, Shay, Farmer & Wetta, Wichita, Kan., for debtors.

Kenneth H. Jack, of Bruce & Davis, Wichita, Kan., for creditor Bank.

Christopher J. Redmond, Wichita, Kan., Trustee.

### MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

The instant proceeding comes before the Court upon the objection of the First State

---

Bank and Trust of Larned to debtor, Thelma Mae Meckfessel's exemption of a farmer's tools of trade. First State Bank and Trust of Larned was represented by Kenneth H. Jack of the firm of Bruce & Davis; and the debtor, Thelma Mae Meckfessel, was represented by Dennis E. Shay, of the firm of Smith, Shay, Farmer & Wetta.

On September 25, 1985, debtors filed an amended schedule B–4 claiming as exempt the debtors' interest in $10,000 worth of farm equipment, pursuant to K.S.A. 60–2304(5). The Bank objects to Mrs. Meckfessel's tool of trade exemption based on the allegation that she is not a farmer. At a deposition taken on January 24, 1986, Mrs. Meckfessel testified that she had assisted her husband in all of his farming during the last 50 years; that she helps with the field work to get ready for spring planting; that she drives a grain truck in the harvest; that she runs the trucks and hauls grain to the elevator; that she takes care of the cattle and waters them everyday, and that she checks the electric fences periodically. Mrs. Meckfessel testified that she considers herself to be a farmer and has been all her life by assisting her father before her husband.

## DISCUSSION

K.S.A. 60–2304(5) permits a debtor to exempt "[t]he ... instruments, tools, implements and equipment ... regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation." The exemption laws are to be liberally construed, "so as to effect the humane purpose of the legislature in enacting them." *Jenkins v. McNall*, 27 Kan. 532 (1881); *In re Massoni*, 67 B.R. 195 (Bkrtcy.D.Kan.1986) (Pusateri, J.). Furthermore, contrary to the Bank's argument, the burden of proof is on the creditor to show that the exemption has not been properly claimed. *See* Bankr.Rule 4003(c); *In re Hahn*, 60 B.R. 69, 76 (Bankr.D.Minn.1985) ("To be sure, Debtors have the burden to establish all elements of their entitlement to *lien avoidance* and bear the burden of persua-

sion thereon.... Had First National properly challenged the claim of exemption in the first instance, the burden of proving the impropriety of Debtor's claim of exemption would have been on it.")

Where the debtor carries on more than one trade or profession, he/she may only exempt those articles belonging to his/her main or principal business, or to the business in which he/she is primarily engaged. *In re Oetinger*, 49 B.R. 41 (Bankr.D.Kan.1985). However, the "principal business/primarily engaged" test only applies where the debtor carries on more than one business. Here neither debtor carries on more than one business. Being a housewife, though certainly work, does not constitute a "profession, trade, business or occupation," within the meaning of K.S.A. § 60–2304(5).

Further, there is nothing in the Kansas exemption scheme which requires a debtor to farm his own property for himself, as opposed to performing farm labor for someone else. Such a situation is no different than that of a carpenter, for example, who uses his own tools but performs labor for someone else. *In re Massoni, supra.* "[T]he mere fact that debtor's farm income was derived from a landlord's share of crops does not preclude him from being a farmer in this case, since he testified that he actually engaged in the farming activities of plowing, drilling wheat, and so on." *Id.* at pg. 197. Similarly there is nothing in the exemption scheme which denies a tool of trade exemption for a wife who helps farm their mutual property for their mutual benefit. The mere fact that the farm income is used for their mutual benefit, and the mere fact that her husband may do more of the farm work, and that he takes care of the financial aspects of the business, does not preclude her from being a farmer, since she testified that she actually engages in farming activities. The bank presented no evidence to the contrary, thus Mrs. Meckfessel is entitled to her own $5,000 exemption for tools of trade.

IT IS SO ORDERED.