Frank E. SEEL d/b/a The Break Room, and Karen J. Seel, Appellants,

v.

Joseph I. WITTMAN, Trustee for the Bankruptcy Estate of Frank and Karen Seel, Appellee.

No. 94–4052–RDR.
Bankruptcy No. 93–42053–7.

United States District Court,
D. Kansas.

Oct. 25, 1994.

Jerome M. Saskowski, Law Offices of Craig E. Collins, Topeka, KS, for appellants.

Joseph I. Wittman, Topeka, KS, trustee.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an appeal from an order of the bankruptcy court. Having carefully reviewed the briefs filed by the parties, the court is now prepared to rule.

The debtors/appellants filed a Chapter 7 bankruptcy petition on December 17, 1993. Schedule C (Property Claimed As Exempt) of their petition listed a John Deere lawn mower with a value of $3,800.00 as exempt as a tool of the trade under K.S.A. 60–2304(e).

The trustee/appellee filed an objection to the claimed exemption. The debtors filed a response in which they added the argument that the lawn mower was exempt as a household good under K.S.A. 60–2304(a) if it was found not to be exempt as a tool of the trade. The bankruptcy court conducted a hearing on the issue on March 8, 1994. At the hearing, the bankruptcy court held that the lawn mower was not exempt as a tool of the trade because the debtors' trade or occupation was a vending machine business, not the lawn mowing business. The bankruptcy court also determined during the hearing that the lawn mower was not exempt as a household good. The debtors' counsel had indicated at the hearing that he intended to file an amended exemption schedule showing the lawn mower exempt as a household good pursuant to K.S.A. 60–2304(a). Debtors' counsel did file an amended Schedule C on March 10, 1994. The bankruptcy court issued an order sustaining the trustee's objection to the debtors' claimed exemption of the lawn mower on March 22, 1994. In the order, which was drafted by the trustee and approved by debtors' counsel, the court held that the lawn mower was not a tool of the trade. The order did not address the issue of whether the lawn mower was exempt as a household good. The debtors filed a notice of appeal on April 1, 1994.

In this appeal, the debtors contend that the bankruptcy court erred in concluding that the lawn mower was not exempt as a tool of the trade. The debtors argue that the bankruptcy court erred in the legal conclusion that K.S.A. 60–2304(e) precludes a debtor from exempting tools of the trade from multiple trades or occupations and in the factual determination that the debtors' principal occupation was the vending machine business. The debtors further assert that the bankruptcy court erred in concluding that the lawn mower was not exempt as a household good. The debtors argue that the lawn mower was exempt under K.S.A. 60–2304(a) because it was reasonably necessary for the maintenance of the debtors' residence.

The trustee contends that the bankruptcy court did not err legally or factually in deter-

mining that the lawn mower was not exempt as a tool of the trade. The trustee argues that both the facts and the law support the bankruptcy court's decision. The trustee's argument concerning the issue of whether the lawn mower was exempt as a household good is twofold. First, the trustee argues that the issue was not properly before the bankruptcy court, and that the court did not actually decide that issue. Second, the trustee asserts that, if the bankruptcy court did properly reach and rule on that issue, it ruled correctly.

The standards of review are well-settled. The bankruptcy court's findings of fact must be upheld unless they are clearly erroneous. Bankr.R. 8013; *In re Mullet,* 817 F.2d 677, 678 (10th Cir.1987). The bankruptcy court's legal determinations are reviewed *de novo. In re Yeates,* 807 F.2d 874, 877 (10th Cir. 1986).

Kansas law permits a debtor to exempt "the ... instruments, tools, implements and equipment ... regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation." K.S.A. 60–2304(e). This so-called "tools of the trade" exemption is limited to property with an aggregate value of $7,500.00.

■ The bankruptcy court in Kansas has determined that where a debtor carries on more than one trade or profession, he is limited to exempt only those "tools of the trade" belonging to his principal business, or to the business in which he is primarily engaged. *In re Massoni,* 67 B.R. 195 (Bankr. D.Kan.1986); *In re Oetinger,* 49 B.R. 41 (Bankr.D.Kan.1985). In reaching this conclusion, the bankruptcy court relied upon several aged Kansas cases: *Jenkins v. McNall,* 27 Kan. 532 (1881); *Bliss v. Vedder,* 34 Kan. 57, 7 P. 599 (1885); *Miller v. Weeks,* 46 Kan. 307, 26 P. 694 (1891).

The debtors argue that K.S.A. 60–2304(e) contains no limitation on the allowance of the "tools of the trade" exemption to only one trade or occupation. The trustee counters that the statute's use of profession, trade, business or profession in the singular suggests that the Kansas legislature intended to limit the exemption to only one business, the debtor's principal business.

Kansas law has long followed the interpretation suggested by the trustee. *See Jenkins,* 27 Kan. at 533–34 (person who was newspaper editor, printer and lender was not entitled to exempt printing press under tools of trade exemption because it was not shown that he derived his principal support from printing); *Bliss,* 7 P. at 600–01 (publisher of newspaper, who was involved in other businesses, could exempt printing press under tools of trade exemption because publishing newspaper was his "main, chief and principal business, from which he derived his principal support"). In *Jenkins,* the Kansas Supreme Court provided the following interpretation of an earlier, but quite similar, version of the "tools of the trade" exemption:

> A person cannot, by multiplying his employments, claim cumulatively several exemptions, created by the statute for several distinct employments. Thus, one person cannot claim the exemption of his library and office furniture as a professional man, and at the same time have exempted to him tools and implements for the purpose of carrying on his trade or business as a mechanic or miner.... If he has two separate pursuits, the exempted articles must belong to his main or principal business. In other words, to the business in which he is principally engaged.

27 Kan. at 533–34.

■ The only question that remains is whether the bankruptcy court correctly determined that the debtors' vending machine business was their principal business. The only evidence presented to the bankruptcy court was the tax returns of the debtors. These returns showed that for the 1992 tax year the debtors received gross income of $14,935.00 for the vending machine business and $2,545.00 for the lawn mowing business. The vending machine had deductions of $24,262.00 for a net loss of $9,327.00. Of the total amount of deductions, $10,774.00 constituted a depreciation deduction. The lawn mowing business had deductions of $2,619.00 for a net loss of $74.00. Of the total amount of deductions, $840.00 was a depreciation deduction. Without the depreciation deductions, the debtors actually received a net gain

of $1,447.00 in the vending machine business and $766.00 in the lawn mowing business.

The debtors argue that the bankruptcy court erred in concluding that the vending machine business was their principal business. They point out that the vending machine business lost more money than the lawn mowing business and, thus, their "principal support" came from the lawn mowing business. The trustee contends that the bankruptcy court correctly concluded that the vending machine business was the debtors' principal business regardless of whether the focus is upon gross income, gross income less costs of goods sold, or real net income excluding depreciation costs. The trustee argues that the bankruptcy court properly excluded depreciation costs in evaluating which business was the debtors' principal business since depreciation costs are not a cash expense, but rather a tax item used to determine taxable income.

■ The old Kansas cases suggest that the question of what business an individual is "principally engaged" in is determined by considering from which business he derives his "principal support." Beyond that consideration, there is no guidance as to how "principal support" is to be determined. We believe that the bankruptcy court correctly analyzed the evidence before it and properly concluded that the debtors' vending machine business was the business in which they were principally engaged. The gross income received by the debtors' vending machine business exceeded that of the lawn mowing business tenfold. Moreover, the net income of the vending machine business was twice that of the lawn mowing business. Only when depreciation was figured into the equation did the lawn mowing business become a higher earning (actually, a better loser) business. The court agrees with the bankruptcy court that the inclusion of depreciation deductions is inappropriate in resolving this issue because it does nothing to demonstrate which business is actually producing support for the debtors. The depreciation deduction is irrelevant in this determination. Accordingly, the court finds that the bankruptcy court correctly concluded that the debtors' principal business was the vending machine business. The debtors' lawn mower, therefore, cannot be a tool of the trade under K.S.A. 60–2304(e).

■ The court next turns to the issue of whether the lawn mower is exempt as a household good under K.S.A. 60–2304(a). Before addressing the merits, the court must consider whether this issue is properly before this court. The trustee argues that the bankruptcy judge did not decide this issue, and if he did, he should not have because the debtors had not filed an amendment to Schedule C prior to the hearing listing the lawn mower as a household good.

The court has carefully examined the record in the bankruptcy court. The record discloses that the bankruptcy judge did in fact rule on the question of whether the lawn mower was a household good. Although the final order signed by the bankruptcy judge omits any reference to this issue, the question of whether the lawn mower constitutes a household good was plainly raised during the hearing in the bankruptcy court and definitively decided by the bankruptcy judge. In a pleading filed prior to the hearing, the debtors argued that the lawn mower was exempt under K.S.A. 60–2304(a) as a household good. The trustee responded to this contention during the hearing before it was even raised by the debtors. The bankruptcy court, although aware that the debtors had not amended their Schedule C to show the lawn mower exempt as a household good but intended to, proceeded to examine this issue with the assistance of counsel. The trustee made no objection to the court's consideration of the issue. After examining the debtors' tax returns and eliciting some factual information concerning the lawn mower and its use, the bankruptcy court ruled as follows:

> Well, and so the Court's going to rule in the trustee's favor. And that is, the Court believes the riding mower, the John Deere, is a tool of trade, not a personal household good. It's depreciated as a—as a business property. The Court believes that for half an acre you wouldn't generally buy a 17 horse riding mower and—and that [the debtor's] adequately characterized it to begin with as a tool of the trade.

738

■ An issue may be considered on appeal where it has been tried with the express or implied consent of the parties and not over objection. *See Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982). *See also* 4 *C.J.S.* Appeal and Error § 213. The test of consent is whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence if he had known that the issue would be considered. *Hardin,* 691 F.2d at 456. Implied consent is found where the parties recognized that the issue entered the case and acquiesced in the introduction of evidence on that issue without objection. *Id.* at 457.

The record shows that the issue of whether the lawn mower is exempt as a household good was tried with the consent of the parties. The trustee raised no objection to the consideration of the issue. The bankruptcy court heard from both sides on that matter and reached a final conclusion. Accordingly, this court shall consider this issue on appeal.

■ Kansas law provides an exemption for an individual's "furnishings, [and] equipment ... which is in the person's present possession and is reasonably necessary at the principal residence of the person for a period of one year." K.S.A. 60–2304(a). The Kansas Court of Appeals has interpreted "reasonably necessary" in K.S.A. 60–2304(a) as those "household goods which are necessary based on the debtor's customary standard of living." *Nohinek v. Logsdon,* 6 Kan.App.2d 342, 628 P.2d 257, 259 (1981). The Court rejected the narrower rule that only indispensable goods are "reasonably necessary." *Id.*

A lawn mower has generally been regarded by courts as a household good. *See, e.g., In re Davis,* 134 B.R. 34 (Bankr.W.D.Okla. 1991) ("[O]ne lawn mower is reasonably necessary to the maintenance of the household, if for no other reason than that during the growing season an unmowed lawn rapidly becomes a nuisance which may be abated by the municipality at the property-owner's expense."); *In re Wiford,* 105 B.R. 992, 1002 (Bankr.N.D.Okla.1989) (lawn mower is household good under 11 U.S.C. § 522(f)(2)); *In re Lanzoni,* 67 B.R. 58, 60 (Bankr.

W.D.Mo.1986) (lawn mower, "a universal piece of household equipment," is household good under 11 U.S.C. § 522(f) and Missouri exemption statutes); *In re Jones,* 5 B.R. 655, 658 (Bankr.M.D.N.C.1980) (small garden tractor and mower attachment were household goods where used only for yard work and never for any commercial venture). These courts, however, were not faced with the circumstances present in this case. There was no indication in any of those cases that the mower had been used in a commercial venture. In this case, the lawn mower, which has more accurately been described as a lawn tractor because of its size and power, was used for the debtors' lawn mowing business. The debtors depreciated the mower on their tax returns as equipment of the business. The debtors did, however, also use the tractor to mow the grass at their personal residence.

■ The court is not convinced under the particular circumstances of this case that the lawn mower was a household good. The court has no qualms with the general proposition that a lawn mower is reasonably necessary for the maintenance of a residence. The question here, however, is whether this lawn mower was actually a household good. The court does not believe that it was. This lawn mower was a piece of equipment which was used by the debtors in their lawn mowing business. The fact that the mower was occasionally used at their residence to mow their grass does not make it a household good, particularly when one considers that the debtors depreciated the mower as a piece of business equipment on their tax returns. Property may be depreciated under the Internal Revenue Code only when it is used in a trade or business or held for the production of income. 26 U.S.C. § 167(a); *Polakof v. Commissioner of Internal Revenue,* 820 F.2d 321, 323 n. 1 (9th Cir.1987), *cert. denied,* 484 U.S. 1025, 108 S.Ct. 748, 98 L.Ed.2d 761 (1988). Where the same property is used for personal and business or income producing purposes, depreciation is allowed only to the extent of nonpersonal use. *See International Trading Co. v. Commissioner of Internal Revenue,* 275 F.2d 578, 586 (7th Cir.1960). There is no indication here that any alloca-

tion for personal use was made in depreciating the lawn mower. Accordingly, the court finds that the lawn mower is not a household good under K.S.A. 60–2304(a). The mower may have been used at the debtors' residence, but it was not a household good under the circumstances of this case.

In sum, the court finds that the bankruptcy court correctly held that the lawn mower was neither a tool of the trade under K.S.A. 60–2304(e) nor a household good under K.S.A. 60–2304(a). The decision of the bankruptcy court is hereby affirmed.

**IT IS SO ORDERED.**