**In re Nolan Clark ZINK and Jo Ellen Zink, Debtors.**

**Bankruptcy No. 94–11195–12.**

United States Bankruptcy Court, D. Kansas.

Feb. 6, 1995.

William H. Zimmerman, Jr., Wichita, KS, for debtors.

Jane A. Deterding, Wichita, KS, for Turon State Bank.

Eric D. Bruce, Wichita, KS, for Farm Credit Bank.

Edward J. Nazar, Trustee, Wichita, KS.

*MEMORANDUM OPINION AND ORDER*

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the Objection of the Turon State Bank to Debtors' Claimed Exemption. A hearing was held on October 12, 1994, and the Court took the matter under advisement. Nolan Clark Zink and Jo Ellen Zink ("debtors") appeared in person and by and through their attorney, William H. Zimmerman, Jr. Turon State Bank ("Bank") appeared by its president, Arden Vernon, and by and through its attorney, Jane A. Deterding. The trustee,

Edward J. Nazar, appeared pro se. Farm Credit Bank appeared by and through its attorney, Eric D. Bruce.

## JURISDICTION

The Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

## FINDINGS OF FACT

The debtors filed their petition for relief pursuant to Chapter 12 of the Bankruptcy Code on May 13, 1994. On Schedule C of their Petition and Schedules filed herein, debtors claim as exempt a 1980 Chevy Feed Truck with Harsh Mixer Box ("feed truck"), in the amount of $15,000.00, as a tool of the trade pursuant to K.S.A. 60–2304. On Schedule I, debtor Jo Ellen Zink characterizes herself as a self-employed "Hairdresser/Farmer."

Mrs. Zink testified that she is a licensed beautician and that this was her full time job before the debtors were married. Prior to the bankruptcy, she was working at her beauty salon only one day a week. Since the bankruptcy, she has started working there two days a week. She also testified that during the first 10 years of their marriage she was active in the farming operation during harvesting and when they were busy. During the last 12 years, she has been very active in the farming operation, helping out on a daily basis and keeping the records. She testified that she has participated by doing almost all of the debtors' own combining and helping with the custom combining, feeding cattle on a daily basis, breaking water, turning bunks, drilling wheat, driving the truck to pick up corn, and discussing planting and other activities with her husband.

Nolan Zink testified that Jody Zink has been helping him with the farming operation for 22 years, and that the farm income goes into a joint checking account and farm expenses are paid out of that joint checking account. Nolan Zink also testified that the debtors file joint tax returns and that for the past 22 years, farming has been the primary source of the family income. He also testified that Jody's income from her beauty salon has never been even close to half of the gross farm income.

Mrs. Zink did not sign the note which was given to obtain funds to purchase the feed truck. That loan has been paid off, and now the feed truck secures other loans through cross-collateralization. The Certificate of Title on the feed truck shows the owners as Nolan C. Zink and/or Jody Zink.

## CONCLUSIONS OF LAW

■ The Bank alleges that the debtors' claimed exemption of the feed truck should be denied because debtor Jo Ellen Zink has no ownership interest in the truck and her primary occupation is not farming and therefore she is not entitled to claim farming equipment as a tool of her trade. Pursuant to Rule 4003(c) of the Federal Rules of Bankruptcy Procedure, the objecting party has the burden of proving that the exemptions are not properly claimed.

The Kansas exemption statute provides in pertinent part as follows:

> **60–2304. Personal property; articles exempt.** Every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property:
>
> . . . .
>
> (e) The books, documents, furniture, instruments, tools, implements and equipment, the breeding stock, seed grain or growing plants stock, or the other tangible means of production regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation in an aggregate value not to exceed $7,500.

K.S.A. 60–2304(e). The Court must liberally construe the exemption laws "so as to effect the humane purpose of the legislature in enacting them." *In re Meckfessel,* 67 B.R. 277, 278 (Bankr.D.Kan.1986) (citations omitted).

■ The Court will first address the Bank's argument that debtor Jo Ellen Zink does not have an ownership interest in the feed truck. The introductory language to K.S.A. 60–2304 implies that the debtor must have an ownership interest in the personal

property claimed as exempt. Mrs. Zink is shown as an owner of the feed truck on the certificate of title. The Court rejects the Bank's argument that Mrs. Zink does not have an ownership interest in the feed truck because she neither purchased the truck with her sole and separate funds, nor acquired an ownership interest in the truck pursuant to a partnership or other legally recognized business entity. Kansas law permits co-ownership of personal property acquired during the marriage. *See In re Griffin,* 141 B.R. 207, 210 (Bankr.D.Kan.1992).

The Court also finds that Jo Ellen Zink's primary occupation is farming. When a debtor carries on more than one trade or profession, the tools of the trade exemption is applicable only to his or her primary occupation. *See, In re Meckfessel,* 67 B.R. 277, 278 (Bankr.D.Kan.1986) (citing *In re Oetinger,* 49 B.R. 41 (Bankr.D.Kan.1985). Although Mrs. Zink received income from her beauty salon, the income she received from her beauty salon was not even close to half of the farm income. Furthermore, considering the time she spent working as a beautician compared to the time she spent farming, the Court finds that her primary occupation was farming. *See In re Oetinger,* 49 B.R. 41, 43 (Bankr.D.Kan.1985) (holding that where debtor worked at an insurance company from 1 to 5 Monday through Friday, her primary occupation was farming). In *In re Meckfessel,* the court noted that:

> there is nothing in the exemption scheme which denies a tool of trade exemption for a wife who helps farm their mutual property for their mutual benefit.... and the fact that her husband may do more of the farm work, and that he takes care of the financial aspects of the business, does not preclude her from being a farmer, since she testified that she actually engages in farming activities.

*In re Meckfessel,* 67 B.R. at 278.

The Court finds that debtor Jo Ellen Zink has an ownership interest in the feed truck, and her primary occupation is farming. As such, she is entitled to exempt the feed truck as a tool of her trade pursuant to K.S.A. 60–2304(e).

**IT IS THEREFORE ORDERED BY THE COURT** that the Objection of the Turon State Bank to Debtors' Claimed Exemption shall be DENIED.

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.