**In re Albert Manuel SARMIENTO and Lucille Ann Sarmiento, Debtors.**

**No. 05–18653.**

United States Bankruptcy Court, D. Colorado.

Sept. 29, 2006.

---

190

John Turner, Colorado Springs, CO, for Debtors.

## ORDER ON TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION IN KUBOTA TRACTOR

ELIZABETH E. BROWN, Bankruptcy Judge.

THIS MATTER comes before the Court on the Amended Objection to Debtor[s'] Claim of Exemption, filed by Paul Gefreh, Chapter 7 trustee (the "Trustee"), and the Debtors' Response. After a non-evidentiary hearing, the parties submitted the matter to the Court on stipulated facts. The Court hereby FINDS and CONCLUDES:

### Background

The Debtors claimed two exemptions in a 2002 Kubota BX2200 tractor ("Tractor"): one under Colo.Rev.Stat. § 13–54–102(1)(e) as a household good, and one under Colo.Rev.Stat. § 13–54–102(1)(j)(I) as a motor vehicle. The Trustee objected to both exemptions, alleging that the Tractor was neither a household good nor a motor vehicle for use on the highways. The parties stipulated that the Court could accept the following as testimony of the Debtors, without the need for a hearing:

We purchased the Kubota tractor in 2002 when we began developing the land for our permanent house. We live 1 mile off Highway 67 and .5 mile from County Road 61 in an area of 6 private homes that is zoned agricultural. We are not part of a subdivision so we are responsible for all road maintenance up to the main road. We used the tractor to assist with clearing out trees and grading our driveway as we prepared for our house. We continue to use it on a weekly basis. It is used primarily in road grading and snow removal from

our house to the main road. The road is just a worn path through grassland with no drainage so it washes out during heavy rains. We also seem to be in a weather pattern that gets heavy snowfall compared to other areas of Teller County so we use the tractor to shovel out to the main road to be able to get to work and get the kids to school. We also use the tractor to haul downed trees that we use for firewood to heat our home and continue to haul rock and dirt as we improve the landscaping. We have been regularly making payments on the tractor, despite the bankruptcy, because we need the tractor for our mountain lifestyle. It would be a physical and financial hardship to our family to not have this piece of equipment to help us with the work around the property and get us to our jobs and school.
Stipulation ¶ 2.

## Discussion

### A. Household Good

■ Colorado provides an exemption for "[t]he household goods owned and used by the debtor or the debtor's dependents to the extent of three thousand dollars in value." Colo.Rev.Stat. § 13–54–102(1)(e). Although it appears that no Colorado case has determined whether a tractor may qualify as a household good, bankruptcy courts in several other states have considered the issue.

Some courts have focused on whether the tractor was used for a household, as opposed to a business, purpose. In *In re Seel*, 173 B.R. 734 (D.Kan.1994), the debtors asserted a household goods exemption in a lawn tractor. The court noted that the lawn tractor had been used in the debtors' lawn mowing business and had been depreciated as business property on the debtors' tax returns. Finding that the lawn tractor was a business good, not a

household good, the court disallowed the exemption. *Id.* at 738–39. In *In re Jones*, 5 B.R. 655 (Bankr.M.D.N.C.1980), the debtors' garden tractor with a mower attachment was used only for mowing debtors' lawn, not for any commercial purpose. Finding that the tractor was a household good, the court allowed the debtors to avoid a lien on the tractor under 11 U.S.C. § 522(f). *Id.* at 658.

Other courts have focused on whether a tractor is a type of item that is "convenient or useful to the debtor or his family or that enable[s] them to live in a comfortable and convenient manner." *In re Langley*, 21 B.R. 772 (Bankr.D.Me.1982). In *Langley*, the debtor used the tractor to mow his lawn and do garden work around the house, and the court held that the debtor was entitled to a household goods exemption in the tractor. *Id.* at 774. Courts have applied a similar test when considering whether lawnmowers are household goods. *See, e.g., In re Lanzoni*, 67 B.R. 58, 60 (Bankr.W.D.Mo.1986) (lawnmower is household good for lien avoidance purposes); *In re Boyer*, 63 B.R. 153, 159 (Bankr.E.D.Mo.1986) (same).

In this district, a distinction has been drawn between items that are "necessary to the functioning of the household," which are included within the definition of household goods, and items that are merely recreational in nature, which are not. *See General Finance Corp. v. Ruppe (In re Ruppe)*, 3 B.R. 60 (Bankr.D.Colo.1980). In *Ruppe*, the debtors were not allowed to avoid a lien on a movie camera and two projectors, as those items were held to be recreational in nature. *Id.* at 61. In *Martinez v. Government Employees Credit Union (In re Martinez)*, 22 B.R. 7, 8 (Bankr.D.N.M.1982), the court followed *Ruppe* to hold that a car was not a household good because it was not necessary to the functioning of the household. *Id.* at 8.

Under any of the above tests, the Debtors use of this Tractor qualifies it as a household good. The stipulated facts show that the Tractor is used for household purposes, such as tree clearance, road grading, and snow removal. There is no indication that the Tractor was ever used for a commercial purpose. Also, the Tractor is convenient and useful for the Debtors and their family; the facts show that they use it on a weekly basis. Finally, the Tractor is necessary for the functioning of the Debtors' household. The Debtors are responsible for maintaining their own access to Highway 67, one mile from their home, and County Road 61, one-half mile from their home. Without the Tractor, the Debtors would be unable to reach the public roads after significant rain or snowfall. They also rely on the tractor to haul firewood to heat their home. As the *Jones* court held: "To consider the [tractor] as something other than household goods in this situation would deny the Debtor the basic necessities for the maintenance of his home and would hinder his fresh start." 5 B.R. at 658. The Court concludes that the Debtors are entitled to claim a household goods exemption in the Tractor.

### B. Motor Vehicle

Colorado provides an exemption for "[o]ne or more motor vehicles or bicycles kept and used by any debtor in the aggregate value of three thousand dollars." Colo.Rev.Stat. § 13–54–102(1)(j)(I). The Trustee argues that because the Tractor is not a vehicle for use on the public highways, it does not qualify as a motor vehicle within the exemption statute. The Court disagrees.

The exemption language does not include a requirement that the vehicle be used on the public highways. While some Colorado statutes define "motor vehicle" as a "vehicle intended primarily for use and operation on the public highways which is self-propelled," Colo.Rev.Stat. § 12–6–102(12) (regulations applicable to automobile dealers); *see also* Colo.Rev. Stat. § 12–6–301 (same; Sunday closing law), other Colorado statutes define "motor vehicle" without reference to operation on the highways. *See* Colo.Rev.Stat. § 18–1–901(3)(k) (" 'Motor vehicle' includes any self-propelled device by which persons or property may be moved, carried, or transported from one place to another by land, water, or air . . . .") (definitions applicable to criminal offenses); Colo.Rev.Stat. § 33–10–102(11) (same; definitions applicable to parks and outdoor recreation); Colo.Rev.Stat. § 33–1–102(28) (same; definitions applicable to wildlife). In the absence of any clear statutory direction, and mindful of the principle that exemption statutes must be liberally construed, *see* Colo. Const. art. XVIII, § 1; *In re Marriage of Gedgaudas*, 978 P.2d 677, 680 (Colo.Ct.App.1999), the Court declines to add a public highway limitation to the motor vehicle exemption.

Other courts have similarly found that vehicles that are not used on the public highways are nevertheless entitled to a motor vehicle exemption. In two cases, courts have recognized that all-terrain vehicles qualified as motor vehicles for exemption purposes. *See In re Buchberger*, 311 B.R. 794 (Bankr.D.Ariz.2004); *In re Moore*, 251 B.R. 380 (Bankr.W.D.Mo.2000). One court has held that an inoperable vehicle, in that case a classic car that was being restored, qualified for the motor vehicle exemption. *In re Bailey*, 326 B.R. 750 (Bankr.S.D.Iowa 2004). Each court relied on the absence of a limited definition of "motor vehicle" in the exemption statute and the mandate that exemption statutes be liberally construed. This Court similarly concludes that the Debtors are entitled to claim a motor vehicle exemption in the Tractor.

## Conclusion

The Debtors are entitled to claim two exemptions in their Tractor, under Colo.Rev.Stat. § 13–54–102(1)(e) as a household good, and under Colo.Rev.Stat. § 13–54–102(1)(j)(I) as a motor vehicle. *See In re Black,* 280 B.R. 258 (Bankr. D.Colo.2002) (debtor may claim two exemptions in truck, as motor vehicle and as tool of the trade); *In re Van Winkle,* 265 B.R. 247 (Bankr.D.Colo.2001) (same).